## Misitis *v.* Steel City Piping Company et al., Appellants.

Argued October 8, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Daniel J. Weis*, and *Weis & Weis*, for appellant.

*William H. Markus*, with him *Edmond B. Smith, Jr.*, for appellant.

*Clyde T. MacVay*, with him *Evans, Ivory & Evans*, for appellee.

*J. Wesley Oler, Park B. Dilks, Jr.*, and *Morgan, Lewis & Bockius*, for amici curiae.

OPINION BY MR. JUSTICE O'BRIEN, January 25, 1971:

These are appeals from orders of the Court of Common Pleas of Allegheny County refusing to grant leave to appellants to amend their answers by adding as new matter the affirmative defense of the twelve-year limitation on claims arising out of the negligent design or construction of improvements to real estate. The appellee was injured on December 17, 1965, in an accident at the Greater Pittsburgh Airport sewage disposal plant, allegedly due to the negligence of the ap-

pellants, Steel City Piping Company and William J. Murdoch, who were the general contractor and consulting engineer, respectively, of the sewage plant.

Suit was filed on November 14, 1967. On May 1, 1970, and May 11, 1970, both original defendants filed their petitions, pursuant to Rule 1033 of the Pennsylvania Rules of Civil Procedure, for leave to amend their answers to the plaintiff's complaint by adding the following new matter: "Plaintiff's alleged cause of action occurred on or about December 17, 1965, and the Complaint was filed on November 14, 1967, which is more than 12 years after the completion of the improvement upon which the cause of action allegedly arose, thus this suit is barred by the Act of 1965, December 22, P. L. 1183."

The act in question provides that: "No action . . . to recover damages . . . shall be brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of such improvement more than twelve years after completion of such an improvement." Act of December 22, 1965, P. L. 1183, §1, 12 P.S. §65.1. Section 7 of the act provides that the act shall take effect July 1, 1966.

The court below gave two reasons for refusing to permit the appellants to amend their answers. First, the court was of the opinion that the act is prospective only in application, and since the injury occurred on December 17, 1965, five days prior to the passage of the act and more than six months prior to the act's effective date, the act could not apply to this case. Second, the court expressed the opinion that the act was unconstitutional as an example of special legislation.

We have repeatedly followed the general rule that we will not decide a constitutional question unless absolutely necessary for a resolution of the controversy.

*Lynch v. O. J. Roberts Sch. Dist.,* 430 Pa. 461, 244 A. 2d 1 (1968), *Shuman v. Bernie's Drug Con.,* 409 Pa. 539, 187 A. 2d 660 (1963), *Rupert v. Policemen's R. & P. Fund,* 387 Pa. 627, 129 A. 2d 487 (1957). Therefore, since we agree that the act of 1965 was not intended to apply retroactively, we need not consider the act's constitutionality.

The Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, §56, 46 P.S. §556, is clear that "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." We perceive no such clear and manifest intent expressed in the act here in question. The appellants, citing *Seneca v. Yale & Towne Mfg. Co.,* 142 Pa. Superior Ct. 470, 16 A. 2d 754 (1940), argue that the fact that the Legislature provided for a grace period of six months between the date of passage of the act and the date it became effective is evidence of a legislative intent that the act apply retroactively. *Seneca* is inapposite.

*Seneca* dealt with a statute extending time to file a workmen's compensation claim. Since the Statute in *Seneca* effected a procedural change, not one of substance, it was applied to litigation existing at the time of its passage, even though the cause of action arose earlier. *Lane v. White,* 140 Pa. 99, 21 Atl. 437 (1891), *Kille v. Iron Works,* 134 Pa. 225, 19 Atl. 547 (1890).

The act involved in the instant case does not effect a procedural change. It is not, as appellant would have us believe, a change in the statute of limitations. A statute of limitations controls the time in which a cause of action must be brought in order to have it litigated. In cases involving personal injuries, like the case at bar, the plaintiff has two years to file suit after the cause of action arises.[1]

---

[1] The plaintiff's right of action does not arise until the injury is sustained, not when the causes of the injury were originally set

Thus, on December 17, 1965, when the appellee was injured, he had a cause of action against the appellants if, as he alleges, his injury was caused by their negligence, and he had two years in which to file suit.

The Act of 1965 did not change the two-year period. Instead the Act completely eliminates all causes of action arising out of negligence in construction or design which occurred more than twelve years before the accident. After the effective date of the statute, in a case like this, even if a would-be plaintiff attempted to file suit immediately after the accident while on his way to the hospital, his haste would be to no avail. He would have no cause of action.

On December 17, 1965, appellee had a cause of action. If the Legislature wished to eliminate appellee's cause of action retroactively by a statute enacted five days after his cause of action arose, it would have had to make its intention clear. It did not do so.

Orders affirmed.

Mr. Justice POMEROY concurs in the result.

Mr. Justice COHEN took no part in the decision of this case.

---

in motion. *Ayers v. Morgan*, 397 Pa. 282, 154 A. 2d 788 (1959); *Foley v. Pittsburgh-Des Moines Company*, 363 Pa. 1, 68 A. 2d 517 (1949).