Theodore **KACZMAREK, Administrator of the Estate of Charles R. Cook, Deceased, Plaintiff,**

v.

**MESTA MACHINE COMPANY, a corporation and the McKay Company, a corporation, Defendants and Third-Party Plaintiffs,**

v.

**JONES & LAUGHLIN STEEL CORPORATION, a corporation, Third-Party Defendant.**

**Civ. A. No. 68–23.**

United States District Court,
W. D. Pennsylvania.

March 18, 1971.

Thomas W. Henderson, Pittsburgh, Pa., for plaintiff.

Henry E. Rea, Jr., Pittsburgh, Pa., for Mesta Machine Co.

Vincent J. Grogan, Pittsburgh, Pa., for McKay Co.

Charles E. Evans, Pittsburgh, Pa., for Jones & Laughlin Steel Corporation.

OPINION

GERALD J. WEBER, District Judge.

This is a diversity Wrongful Death and Survival action for the death of an employee at the Jones & Laughlin Steel Corporation which occurred in an accident in its steel mill at the location of and during the operation of a large piece of equipment manufactured and sold to Jones & Laughlin Steel Corporation by Defendant Mesta Machine Company. Plaintiff's cause of action against Defendant Mesta is based on negligence of design and construction, and strict liability for a defective condition under the principle of Sec. 402A of the Restatement of Torts, 2nd.

Defendant Mesta Machine Company raises the bar of the 12 year statute of limitations created by the Pennsylvania Act of December 22, 1965, P.L. 1183, 12 P.S. § 65.1, which provides:

"No action * * * whether in contract, in tort or otherwise to recover damages:

(1) For any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,

* * * * * *

· (3) For injury to the person or for wrongful death arising out of any such deficiency, or

(4) For contribution or indemnity for damages sustained on account of any injury * * * shall be brought against any person lawfully performing or furnishing the design, planning, supervision of observation of construction, or construction of such improvement more than twelve years after completion of such an improvement."

Mesta Machine Company asserts that the machine in question is a large 50 ton piece of equipment permanently affixed and attached to the building which cannot be moved or shifted without doing substantial damage to the building. The machine was sold by Defendant Mesta Machine Company to Jones & Laughlin

Steel Corporation in 1936 and Mesta has had nothing further to do with the machine since that date. There is no substantial dispute as to these facts, and if the statute is applicable summary judgment would be appropriate.

We have no interpretation by the Pennsylvania courts as to the applicability of this statute in these circumstances. Very recently the Supreme Court of Pennsylvania in Misitis v. Steel City Piping Co., 441 Pa. 339, 272 A.2d 883 [1971] held that the statute had no retroactive effect because there was no manifest intent of the legislature to give it such effect. Furthermore, the court held that the statute did not effect a procedural change but a substantive change and, therefore, could not affect the cause of action of a plaintiff who was injured before its effective date. The Pennsylvania Supreme Court found it unnecessary to pass upon the finding of the trial court that the Act was unconstitutional as special legislation.

We are then squarely faced with the question of whether this machine is "an improvement to real property" within the terms of the Act.

■ Defendant argues that if such machinery is so large that it cannot be removed without substantial damage to the real estate, it becomes a "fixture" and thus part of the improvements to real property under the doctrine of "fixtures". This doctrine, originally from the law of conveyancing, is an aid in determining whether such equipment and furnishings are part of the real estate which is transferred in ownership by a deed conveying the title to the real estate. The general rule is that when such equipment is so physically annexed to the land that it cannot be removed without material injury to the land or some structure thereon, it is deemed incorporated into the realty. While this is a principle so fundamental as not to require a supporting citation, it is nevertheless riddled with exceptions, and, like small fleas, the exceptions have smaller exceptions, and so on *ad infinitum*.

■ For the purpose of a mortgage placed on an industrial plant, a chattel, "Whether fast or loose", placed in an industrial plant for permanent use, and necessary to the operation of the plant, becomes a fixture and part of the real estate covered by the lien of the mortgage. Commonwealth Trust Co. of Pittsburgh v. Harkins, 312 Pa. 402, 167 A. 278 [1933].

In further support of its allegation Mesta produces further cases under the Pennsylvania Eminent Domain Statute, 26 P.S. § 1–602, which require that in determining the fair market value of real property taken by eminent domain there shall be included "The machinery, equipment and fixtures forming a part of the real estate taken." 26 P.S. § 1–603(3). See Glider v. Commonwealth of Pennsylvania, 435 Pa. 140, 255 A.2d 542 [1969].

On the other hand, the Pennsylvania Uniform Commercial Code makes exceptions to the real estate fixture doctrine where a valid security interest has been obtained in the chattel and properly recorded. 12A P.S. §§ 9–313, 9–401.

■ It has also been long established that "trade fixtures" brought upon the premises by the occupant, essential to his use of the property, but removable without damage to the structure are not real estate. Lemar v. Miles, 4 Watts, Pa., 330 [1835].

The plaintiff produces the assessment law for cities of the first class in Pennsylvania, 53 P.S. § 15976, which provides that in the assessment of real estate for taxation "the machinery and tools used in manufacturing in any mill or manufactory shall not be considered or included in determining the value of real estate."

Such real estate assessment legislation has spawned its own progeny of case law. The cases have considered the argument that nothing is "machinery" under the statute unless it applies force or involves the quality of motion. This contention has been rejected where large, permanent non-moving fixtures

have been firmly attached, such as tanks, Gulf Oil Corp. v. Philadelphia, 357 Pa. 101, 53 A.2d 250 [1947], and supporting foundation for equipment, Jones & Laughlin Tax Assessment Case, 405 Pa. 421, 175 A.2d 856 [1961].

All this demonstrates to the Court that the conceptual approach of "fixtures" or "machinery" advanced by each of the parties here is of little value. In each case it is the intent and purpose to be served by the statute that controls. In the present case the legislature has chosen to use the words "an improvement to realty". The legislature has the power to define its terms ("When I use a word", Humpty-Dumpty said, "it means just what I choose it to mean— neither more nor less".) [1] Where the legislature fails to supply a definition words are to be given their common and approved usage. Pa. Statutory Construction Act, 46 P.S. § 533.

■ A further aid to legislative interpretation is given by Sec. 51 of the above-cited Act [46 P.S. § 551] which provides: "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature." While many further guides are mentioned in this section, they do not apply "when the words of a law are clear and free from ambiguity." We find no ambiguity here. The obvious intent of the Legislature was to bar stale suits against construction contractors, architects, and engineers after twelve years from the date of completion of improvements to real estate. Our conclusion in this is buttressed by the finding of Judge Silvestri of the Court of Common Pleas of Allegheny County in Misitis v. Steel City Piping Co., cit. supra, that the Act was unconstitutional as an example of special legislation. Like the Appellate Court in that case, we do not need to consider the constitutional question by our disposition of the matter on other grounds.

■ The plaintiff's decedent in this case met his death in a factory during the course of industrial operations as a result of an accident involving moving machinery. The machinery here involved is called a continuous pickler used in steel production by Jones & Laughlin Steel Corporation. The Pennsylvania Courts have rejected the attributes of size, physical attachment, or the quality of application of force or motion in the determination of real estate assessments and security interests in determining what constitutes real estate under the statutes referred to. (See the extended discussion of these cases in Jones & Laughlin Tax Assessment Case, supra.) The only contrary indication is the use of the term "machinery, equipment and fixtures forming part of the real estate taken" as one of the factors to be taken into consideration, along with "other factors as to which evidence may be offered", in establishing the fair market value of property taken by eminent domain. 26 P.S. § 1–603.

The Eminent Domain Act further provides that if the condemnee elects their removal under Sec. 607 of the Act, his damages "shall be reduced by the fair market value thereof severed from the real estate." See Glider v. Commonwealth of Pennsylvania, supra.

We, therefore, conclude that the twelve year statute or limitation of actions provided by Pennsylvania Statute 12 P.S. § 65.1 does not bar plaintiff's cause of action based on negligence or on strict liability of Sec. 402A of the Restatement of Torts, 2nd, against Mesta Machine Company, the manufacturer or supplier of the machine in question in this case.

The Motion of Mesta Machine Company for Summary Judgment will be denied.

---

1. Lewis Carroll, "Through the Looking Glass", Chapter 6.