**E. C. Machin, Inc. v. American Cement Corporation**

*Hugh P. McFadden,* for plaintiff.
*Herbert Fishbone,* for defendant.

FRANCIOSA, J., November 1, 1971.—In the assumpsit action before us, plaintiff has filed a complaint alleging that it is owed the sum of $50,457.14 for labor and materials furnished to defendant from March 9, 1970, to May 27, 1970. The complaint specifies that the work performed by plaintiff involved the installation of roof support steel for certain "silos" used by defendant in the manufacture of cement at its Stockertown facility.

Defendant has filed an answer which includes new matter and a counterclaim. Although the complaint seeks recovery for work performed during the year 1970, defendant's new matter and counterclaim refer to work done by plaintiff at the time of the original construction of the "silos." The pleadings on both sides of the case reveal that the original construction was completed on May 5, 1958.

By way of new matter, defendant alleges that work performed by plaintiff in 1970 resulted from the improper design and construction of the "silos" in 1958 and that it was plaintiff's responsibility to correct those defects without charge to defendant. Under the counterclaim, defendant seeks an affirmative verdict against plaintiff in the amount of $9,370 as the cost of repairs which plaintiff failed to undertake in the year 1970.

Since the design and construction of the "silos" was completed on May 5, 1958, plaintiff has filed preliminary objections in the nature of a demurrer to both the new matter and counterclaim contained in

defendant's answer. The demurrer pleads the limitation period established by the Act of December 22, 1965, P. L. 1183, sec. 1, 12 PS §65.1, which provides that:

"No action . . . to recover damages . . . shall be brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of such improvement more than twelve years after completion of such an improvement."

Plaintiff contends that the application of the Act of 1965, supra, bars the new matter and the counterclaim because defendant's pleadings were not filed until July 9, 1971, more than 13 years after completion of the construction out of which the alleged defects occurred.

In response, defendant has adopted two alternative positions with regard to the act's application to its new matter and counterclaim.

First, defendant argues that application of the act to this case would be retroactive in nature because the construction in question was completed prior to the passage of the act.

The issue of the retroactive application of the Act of 1965, supra, was before our Supreme Court in Misitis v. Steel City Piping Co., 441 Pa. 339, 272 A. 2d 883. There, Mr. Justice O'Brien concluded that the Act of 1965 was not intended to apply retroactively. However, Misitis clearly indicates that the matter of retroactive application is to be determined by looking to the date of the cause of action rather than upon the date of the construction.

The reason we perceive such a holding in Misitis is that the Supreme Court made no mention of a date of construction in arriving at its decision. Instead, the court found a legislative intent to eliminate all

causes of action which referred back to construction completed more than 12 years before the alleged cause of action arose. In this connection, the court stated:

"After the effective date of the statute, in a case like this, even if a would-be plaintiff attempted to file suit immediately after the accident while on his way to the hospital, his haste would be to no avail. He would have no cause of action": Misitis, supra, at page 343.

Section 7 of the Act of 1965, supra, provides that it shall take effect July 1, 1966. In the instant case, the claims set up in defendant's new matter and counterclaim arose on September 15, 1969. Since that date is more than three years after the effective date of the act, its application to this case would not be giving the act retroactive effect.

As an alternative argument, defendant contends that application of the Act of 1965, supra, does not afford it a "reasonable period" of time to commence an action. Defendant points out that its cause of action arose on September 15, 1969, and that under the act it was required to bring suit prior to May 5, 1970, a period of approximately eight months. We cannot accept this contention, since the period which was available to defendant exceeded the grace period of six months provided by the legislature for causes of action arising between the time of the act's passage and the date it became effective.*

In our view, after May 5, 1970, defendant was barred by the Act of 1965, supra, from bringing an independent action in assumpsit on a cause of action arising on September 15, 1969, but based on

---

* In Misitis, supra, the period of six months between the date of passage of the act and the date it became effective was described as "a grace period."

construction which was completed on May 5, 1958. Where a limitation period could be pleaded against a claim sought to be enforced by itself, it may be pleaded to a counterclaim. See P. L. E., Vol. 22, Limitation of Actions, §37, and citations therein.

The same rule does not apply to defendant's new matter. As was pointed out Rothrock v. Wolfe, 99 Pa. Superior Ct., at page 33:

" 'In an action on a contract, the right to recovery is based on performance; hence whether due to negligence or to other causes nonperformance is a full defense, and ill performance a defense pro tanto. Such defense is not merely a set-off, balancing or reducing the plaintiff's demand, but strikes at his right of action, by impeaching the consideration on which it rests, and showing that, ex aequo et bono, his claim has no foundation, or is limited in measure' ": quoting the conclusion of the Superior Court in Enterline v. Miller, 27 Pa. Superior Ct. 463.

One additional matter requires mention by us. At the time of oral argument, counsel for defendant agreed to amend those paragraphs of the answer which were the subject of plaintiff's motion to strike. Therefore, plaintiff's preliminary objections in the nature of a motion to strike are no longer before the court.

Accordingly, we enter the following:

## ORDER OF COURT

And now, November 1, 1971, plaintiff's preliminary objections in the nature of a demurrer to defendant's counterclaim are sustained and the counterclaim is dismissed; plaintiff's preliminary objections in the nature of a demurrer to defendant's new matter are denied and dismissed.