## Scherch v. Miller

*Harry W. Reed, Jr.,* of *Davis, Katz, Buzgon & Davis,* for defendant.

*Thomas A. Ehrgood,* of *Ehrgood & Ehrgood,* for additional defendant.

GATES, *P. J.,* June 11, 1975—On January 9, 1975, plaintiffs filed a complaint against original defendants seeking damages because of allegedly negligent conduct of defendants.

Thereafter, on February 4, 1975, original defendants filed a complaint to join, inter alia, Valley Pools, Inc., plaintiff's employer, as an additional defendant. On February 19, 1975, additional defendant, Valley Pools, Inc., filed preliminary objections to the complaint joining it as an additional defendant. The complaint is in the nature of a demurrer.

Additional defendants' contention is that the recent amendment to the Pennsylvania Workmen's Compensation Act, Act of 1974 Sessions, P.L. 735 (No. 263), sec. 303, 77 P.S. §481, prohibits the joinder of an employer as an additional defendant.

Initially we note that the recent amendment to the Pennsylvania Workmen's Compensation Act has an effective date of February 3, 1975. Defendant's contention is that the amended act is substantive in nature and cannot be applied retroactively. The position of Valley Pools, Inc., additional

defendant, is that the amended section is procedural in nature and therefore is retroactive. We disagree with the argument of Valley Pools, Inc.

In Maio v. Fahs, 339 Pa. 180 (1940), it was established that where an employer of a plaintiff who has been injured as a result of the joint negligence of the employer and a third party and the employer is made an additional defendant, the fact that the employer has entered into a compensation agreement with plaintiff does not prevent the entry of a judgment on the verdict against the employer and original defendant jointly.

Again, in Skoda v. National Mines Corp., 213 Pa. Superior Ct. 489 at 493 (1968), the court stated that: "'It is elementary that under the laws of the Commonwealth of Pennsylvania, a joint tortfeasor is entitled to contribution from an employer of an injured person found jointly negligent to the extent of compensation both paid and payable . . .'"

Thus it is clear to us that under the law in Pennsylvania as it existed prior to February 3, 1975, a third-party tortfeasor could join the employer of plaintiff as an additional defendant even though the employer and employe-plaintiff had entered into a workmen's compensation agreement. The newly amended section 303(b) of the Pennsylvania Workmen's Compensation Act clearly alters this right and therefore affects the right of contribution. It is this type of change in the law which must be considered to be substantive rather than merely procedural: Misitis v. Steel City Piping Co., 441 Pa. 339 (1971).

Inasmuch as we have concluded that the amended section 303(b) removes the right of action against an employer, it must be regarded as sub-

stantive law and applied only prospectively after its effective date February 3, 1975. Thus the demurrer must be refused.

## ORDER

And now, June 11, 1975, it is ordered that the preliminary objections of additional defendant, Valley Pools, Inc., are refused with leave to file an answer to the complaint within 20 days of the receipt of a copy of this order.