Marie CLARK and Roosevelt Clark

v.

ESSEX INTERNATIONAL, INC.

v.

DILL PRODUCTS, INC.

Civ. A. No. 75–3306.

United States District Court,
E. D. Pennsylvania.

March 30, 1976.

Joseph Lurie, Philadelphia, Pa., for Clark.

Ronald H. Sherr, Norristown, Pa., for Essex.

MacCoy, Evans & Lewis, Philadelphia, Pa., for Dill.

## MEMORANDUM

GORBEY, District Judge.

Plaintiffs instituted an action against the defendants for allegedly supplying a defective machine to the plaintiff's employer. The defendant has joined the employer, Dill Products, Inc., as a third-party defendant alleging that the machine was altered, modified and changed by the employer. Third-party defendant, Dill Products, Inc., by its attorneys, moves the court to dismiss the third-party action against it for failure to state a claim upon which relief can be granted.

In support of the motion, movant relies upon the Workmen's Compensation Act of Pennsylvania which in 77 P.S. § 481(b) states:

"In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

Third-party plaintiff opposes the motion on the basis that the statute relied upon does not have retroactive effect. It does not, however, cite any authority in support of its objection.

The statute in question was passed December 5, 1974, to become effective in sixty (60) days, which would be February 5, 1975. In the complaint plaintiffs allege that the injury occurred on November 23, 1973, a date prior to both the passage of the Act and its effective date.

In 46 P.S. § 556 it is recorded:

"§ 556. *Presumption against retroactive effect*

No law shall be construed to be retroactive unless clearly and manifestly

so intended by the Legislature." (1937, May 28, P.L. 1019, art. IV, § 56.)

Also, significant because the statute relied upon by third-party defendant is an Amendment to the Workmen's Compensation Act, is 46 P.S. § 573 which provides:

"§ 573. *Construction of amendatory laws*

Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time; but the portions of the law which were not altered by the amendment shall be construed as effective from the time of their original enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective."

This section, while providing that the provision shall be construed as effective only from the date when the Amendment became effective, does not state that it shall have retroactive effect.

In *Swartz, Appellant v. Carlisle Borough*, 237 Pa. 473 at 478, 85 A. 847 at 849 (1912) the Supreme Court of Pennsylvania stated that:

"It is settled law in Pennsylvania that the Legislature has the power to legislate retrospectively on all matters, not penal, nor in violation of contracts, not expressly forbidden by the Constitution. *Weister v. Hade*, 52 Pa. 474; *Grim v. School District*, 57 Pa. 433; *Hawkins v. Com.*, 76 Pa. 15."

The issue is, therefore, since the Legislature did not expressly provide for retroactivity, is it necessarily to be implied? In Volume 7, P.L.E. Constitutional Law § 184 at page 406, the conclusion is expressed that a statute will not be construed to be retrospective unless there is a clear legislative intention that it is to have such effect. Such conclusion is supported by ample authority including: *Commonwealth v. Scoleri*, 399

Pa. 110, 160 A.2d 215 (1960): "[A]mendatory statutes are construed retroactively *only* if such construction is clearly indicated under the provisions of the statute." *Rupert v. Policemens' Relief And Pension Fund*, 387 Pa. 627, 129 A.2d 487 (1957): "When the language of a statute is general, and might be given both retroactive and prospective operation, it will be held to be prospective only." *Misitis v. Steel Piping Company*, 441 Pa. 339, 272 A.2d 883 (1971): "If the Legislature wished to eliminate appellee's cause of action retroactively by statute enacted five days after his cause of action arose, it would have to make its intention clear. It did not do so." See also *Glancey v. Casey*, 447 Pa. 77, 288 A.2d 812 (1972).

The statutory language in the case *sub judice* is quite distinguishable from the amendatory statute involved in *F. W. Woolworth Co. v. City of Pittsburgh*, 2 Pa.Cmwlth. 338, 284 A.2d 143 (1971), which was held to be retroactive in effect, it being a statute relating to assessment of property for tax purposes in second class counties. It directed that interest shall be paid on such refunds ". . . commencing (1) year after the date of payment." The statute became effective upon passage, June 22, 1970, and the issue presented was whether the City of Pittsburgh was required to pay interest at the legal rate on excess taxes collected before June 22, 1970, and refunded thereafter.

The court held that "one year from date of payment" indicated the legislative intent that "interest is to be paid on refunds on excess taxes paid beginning one year after the date of payment of the same, even though the contested taxes had been paid prior to the effective date of the statute's amendment." The court stated:

"This intent of the Legislature is abundant for as Judge Silvestri has pointed out: 'there is no qualification on "the date of payment" expressed in the Act. As stated herein before, the Legislature was certainly aware that there would be dates of payment which were made prior to the effective

date of the Act even if it was not aware of the number and dates of such payments and if it had not wanted the interest to relate back to this prior period, it could have used another time for reference. The legislature could not have been more clear in its manifestation as to when the interest period was to be calculated.' "

That case is also distinguishable from the present one on the ground that different considerations applied to legislation which is simply curative and remedial in that it makes more perfect and substantial an existing right. See also: *In Re Malick,* 137 Pa.Super. 139, 8 A.2d 494 (1939).

The conclusion is, therefore, that under the previously cited statutes and relevant cases, a construction that this new legislation was intended to be retroactive in operation can not properly be judicially declared.

### ORDER

AND NOW, this 30th day of March, 1976, upon consideration of the motion of Dill Products, Inc. to be dismissed as third-party defendant, and for the reasons given in the accompanying memorandum, it is ORDERED that said motion be and is hereby DENIED.