## Greenleaf v. Robert F. Flood Supply Co.

*Martin D. Cohen,* for plaintiff.

*Jackson M. Sigmon, George A. Hahalis,* and *John D. DiGiacomo,* for defendants.

*Joseph Leeson,* for additional defendant.

WILLIAMS, *J.,* October 5, 1976—This action is before the court as a preliminary objection to the complaint of Pexto Machine, a/k/a Peck, Stow and Wilcox Company, joining Equipto, Inc., as an additional defendant in the above-captioned trespass action.

Briefly, the underlying action is based on a work-related injury to plaintiff, Marie Greenleaf, which occurred on September 4, 1974. The original action was filed August 20, 1975, against the four original defendants, all suppliers, distributors, or manufacturers of the machine involved in the accident. On May 7, 1976, Pexto Machine a/k/a Peck, Stow and Wilcox Co. (Pexto) filed a complaint against Equipto, Inc. (Equipto) to join Equipto as an additional defendant. Equipto is the employer of plaintiff, Marie Greenleaf.

It is the contention of Equipto that a recent amendment to The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, 77 P.S. §481, prohibits the joinder of the plaintiff's employer in this action. The statute relied upon by Equipto, 77 P.S. §481(b), became effective on February 3, 1975, and reads as follows:

"§481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party.

". . .

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, de-

pendents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the *employer,* his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request *shall not be liable to a third party for damages, contribution, or indemnity in any action at law,* or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." As amended December 5, 1974, P.L. 782 (No. 263), sec. 6, effective in 60 days. (Emphasis added.)

It is clear that if 77 P.S. §481(b) applies, this court would be required to dismiss Pexto's complaint against Equipto, as that section precludes employer liability to a third party for purposes of damages, contribution or indemnity. We are not convinced, however, that section 481(b) is applicable.

It is clear that prior to the enactment of section 481(b) an employer could be joined as an additional defendant in an action similar to the one at bar. The employer's liability, however, was limited to the amount for which he was liable under the Workmen's Compensation Law: Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318 (1966); Burke v. Duquesne Light Co., 231 Pa. Superior Ct. 412, 332 A.2d 544 (1974). This position was clearly contrary to the majority of jurisdictions in the United States which do not allow the joinder of an employer for any purpose: 2A Larson, Workmen's Compensation Law 14-295, §76.21 (1974); 18 Am. Jur. 2d, Contribution §48 (1965). The passage of §481(b) is an apparent rec-

ognition of this anomaly. Contra, see Hefferin v. Stempkowski v. Duquesne Light, Allegheny Co., No. G.D. 75-23873 (1976).

The question raised, however, is whether the change effected was a substantive or procedural change. If the latter, then any action maintained after the effective date of the Act would be subject to the rule. Though the amendment does not affect the liability of the employer, it does eliminate the original defendant's right to contribution or indemnity. As such, it would appear to be a substantive change, notwithstanding the fact that its effect is delayed for a period of 60 days.

A similar position has been reached by the Federal Eastern District Court of Pennsylvania in a series of three cases. The rationale of those cases would apply to this one as well. In Browne v. Wheel-Horse Products, Inc. v. Western Montgomery County Area Vocational Technical School, 408 F. Supp. 415 (E.D. Pa. 1976), suit was initiated on June 19, 1975, for an accident which occurred on June 20, 1973. The court concluded that section 481(b) was a substantive change. Citing the Pennsylvania Statutory Construction Act, 46 P.S. §556, the court noted that a substantive change should not be given "retrospective application unless there is a clear manifestation of the Legislature's intention to make it retroactive.": 408 F. Supp., at 416. A similar rationale was followed in Teague v. Consolidated Bathurst Ltd. v. Maislin Transport Corp., 408 F. Supp. 980 (E.D. Pa. 1976). In Clark v. Essex International, Inc. v. Dill Products, 410 F. Supp. 215 (E.D. Pa. 1976), in addition to section 556 of the Statutory Construction Act, the court cited 46 P.S. §573 for the proposition that amendatory statutes are effective only from the date of

amendment. Citing Commonwealth v. Scoleri, 399 Pa. 110, 160 A.2d 215 (1960), the court noted that amendatory statutes are construed retroactively only if such construction is clearly indicated by the provisions of the statute.

The Clark court also cited Misitis v. Steel City Piping Co., 441 Pa. 339, 272 A.2d 883 (1971), for the proposition that the Legislature will not be presumed to have eliminated a cause of action existing at the time of passage unless that intention is clearly manifested. In Misitis, plaintiff's cause of action arose five days before the passage of an act which would have barred the action. In that case the court also noted that the presence of a grace period, following the passage of the act until its effective date, did not indicate that it should have retroactive effect, unless the change effected was a procedural change. In Seneca v. Yale & Towne Mfg. Co., 142 Pa. Superior Ct. 470, 16 A.2d 754 (1941), the court found a six-month grace period indicative of a procedural change. However, as the Misitis court noted, the amendment in Seneca simply extended the time to file a claim, a procedural change, whereas, the act in question in Misitis eliminated plaintiff's cause of action. Similar logic would apply in the instant case, for the effect of section 481(b) is to eliminate Pexto's cause of action against Equipto.

As the above analysis indicates, section 481(b) effects a substantive change in the law and, as such, affects only those causes of action which arose after February 3, 1975. As the underlying cause of action in this case arose on September 4, 1974, section 481(b) does not apply.[1]

---

1. This court in Rader v. Ingersoll-Rand Co. v. Anthony Dally & Sons, Inc., No. 463 October Term, 1974, through an order dated November 17, 1975, granted the additional de-

## ORDER OF COURT

And now, October 5, 1976, additional defendant's preliminary objection in the form of a motion to dismiss is denied. Additional defendant is given leave to file a responsive pleading to the complaint within 20 days from the date of this order.

---

fendant's motion for summary judgment in a case similar to the present one. However, there the motion was not opposed by the original defendant and, thus, it was not an adversary decision construing the statute.