Loren D. PALMER and Brenda M. Palmer, husband and wife, and Arthur Stewart, Administrator of the Estate of Esther Stewart, Deceased, Plaintiffs,

v.

PENN–OHIO ROAD MATERIALS, INC., Defendant and Third-Party Plaintiff.

SPECTOR FREIGHT SYSTEM, INC., Defendant,

v.

Loran D. PALMER, L. G. Kisseleff, W. C. Moffit, J. P. Iacino, Jack Bestwick, G. L. Pellegrini, and the Commonwealth of Pennsylvania, Department of Transportation, Third-Party Defendants.

Civ. A. No. 77–994.

United States District Court, W. D. Pennsylvania.

Dec. 15, 1978.

Dennis C. Harrington, Pittsburgh, Pa., for plaintiffs.

Walter F. Froh, Harrisburg, Pa., Michael J. Creighton, Dept. of Trans., Gary F. Sharlock, Robert S. Garrett, Herbert B. Conner, Pittsburgh, Pa., for defendant.

## OPINION

ZIEGLER, District Judge.

### I. *History of Case*

This wrongful death, survival and personal injury action arose out a vehicular collision which occurred on March 27, 1976, on Interstate Route 80, Mercer County, Pennsylvania. The complaint alleges, inter alia, that: (1) the accident was proximately caused by a certain unusual, dangerous, and unexpected traffic pattern existing in an area of roadway construction on Interstate 80; and (2) signs and barriers erected by defendant, Penn-Ohio Materials, Inc., (Penn-Ohio) were inadequate to warn motorists of these conditions. Penn-Ohio joined several employees of the Commonwealth of Pennsylvania Department of Transportation as third-party defendants. These parties moved to dismiss the third-party complaint alleging official immunity. The motion was denied on August 25, 1978. Penn-Ohio then filed a third-party complaint joining the Department of Transportation (PennDOT). Presently before the court is PennDOT's motion to dismiss the third-party complaint alleging immunity from suit under the Eleventh Amendment of the Constitution. We conclude that the motion must be granted.

### II. *Discussion*

The Pennsylvania Supreme Court abolished the longstanding doctrine of sovereign immunity in Pennsylvania in an opinion filed on July 14, 1978. *Mayle v. Pennsylvania Dept. of Highways*, 479 Pa. 384, 388 A.2d 709 (1978). Thereafter, we held that the abrogation of sovereign immunity by the Supreme Court of Pennsylvania constituted a judicial waiver of the immunity afforded the state by the Eleventh Amendment from civil liability for money damages in a federal forum. *Greenfield v. Vesella*,

457 F.Supp. 316 (W.D.Pa.1978).[1] Accordingly, we denied the Commonwealth's motion to dismiss in that case.

Since the Pennsylvania Supreme Court's decision in *Mayle* and our decision in *Greenfield*, the General Assembly of Pennsylvania enacted Act 152, effective September 28, 1978, reinstating a limited form of sovereign immunity within the courts of the Commonwealth, while explicitly preserving the Commonwealth's Eleventh Amendment immunity from suit in federal court. Section 5(e) of the Act provides:

Nothing contained in this act shall be construed to waive the Commonwealth's immunity from suit in Federal courts guaranteed by the eleventh amendment to the United States Constitution.

The question before the court is whether Act 152 should be given retroactive application to causes of action accruing prior to the date of its enactment so as to bar Penn-Ohio's third-party complaint against Penn-DOT.

Under Pennsylvania law, a legislative enactment will not be construed to affect pre-existing substantive rights unless the legislature clearly expresses its intention to do so. *Misitis v. Steel City Piping Co.*, 441 Pa. 339, 272 A.2d 883 (1971); *Atkins v. Blaw Knox Foundry & Mill Mach., Inc.*, 431 F.Supp. 369, 371 (W.D.Pa.1977). This principal has been codified by the legislature in 1 Pa.C.S.A. § 1926, which states:

No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature.

Act 152, by its explicit terms, applies to causes of action accruing prior to the date of its enactment. Section 5(a) provides that "[t]his Act is intended to specifically respond to and prescribe limitations on the decision of *Mayle v. Commonwealth*, decided by the Supreme Court on July 14, 1978." Section 5(b) states in part:

The following provisions applying this act to actions accrued on the effective

date of this Act, and its intended *retroactive* effect are to assure the development of a consistent body of law . . . . (emphasis added).

Moreover, the Governor, in an addendum attached to Act 152, stated:

It is my intention in approving this Act that Section 5 (construction and application) shall have general *retroactive* effect. (emphasis added).

Accordingly, there can be no dispute that Act 152 was intended to be accorded retroactive application.

Penn-Ohio rejoins, however, that the instant statute, enacted in September of 1978, is inapplicable to a cause of action which accrued in March of 1976, since such an application would destroy a "vested right." We disagree.

It is axiomatic that:

Retrospective laws may be supported when they impair no contract and disturb no vested right, but only vary remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and when prosecuted.

*Costa v. Lair*, 241 Pa.Super. 517, 520, 363 A.2d 1313, 1314 (1976). In *Costa*, for example, the Superior Court refused to give retroactive effect to the Comparative Negligence Act. The court reasoned:

Prior to the effective date of the Act, a plaintiff was required to be free of any personal fault contributing to his injury in order to establish liability in a civil action for negligence. . . . Under the Act, however, a plaintiff whose negligence is less than that of the defendant is not precluded from recovery due to his contributory negligence, but is allowed recovery reduced by the proportion of his fault. Thus, *if applied retroactively, the Act would create legal liability for dam-*

---

1. Three other district courts, which have confronted the question, have held that *Mayle* did not constitute a waiver of Eleventh Amendment immunity. *See, Bagby v. Beal*, 455 F.Supp. 881 (M.D.Pa.1978); *Shawer v. Indiana Univ. of Pennsylvania*, No. 75–1270 (W.D.Pa., filed Sept. 20, 1978); *Battle v. Commonwealth, et al.*, No. 78–132 (E.D.Pa., filed Sept. 19, 1978.)

*ages which did not exist at the time the accident occurred.*

*Id.* at 1314–1315. (emphasis added).

The concern raised by the *Costa* court— "the Act would create legal liability for damages which did not exist at the time the accident occurred"—is clearly not present in the instant case. On March 27, 1976, the date of the accident herein, Penn-Ohio did not possess a cause of action against Penn-DOT since sovereign immunity was unquestionably the law of Pennsylvania. As such, Act 152 is not abrogating a cause of action from Penn-Ohio which existed at the time the cause of action accrued. In fact, if any party could argue against retroactive application of the sovereign immunity statute, it is the Commonwealth itself, since Act 152 creates liability for the Commonwealth which did not exist under Pennsylvania law at the time of the incident that gave rise to the present cause of action.

We hold that Act 152 has retroactive effect; therefore, under § 5(e) of that Act, Penn-Ohio's third-party complaint against PennDOT is barred for want of jurisdiction by the Eleventh Amendment.