**Paul SKRBINA, Plaintiff,**

v.

**PENNSYLVANIA DEPARTMENT OF HIGHWAYS and Pavement Specialists, Inc., Defendants.**

Civ. A. No. 78–1075.

United States District Court, W. D. Pennsylvania.

March 15, 1979.

---

James J. Regule, Regule & Regule, Sharon, Pa., for plaintiff.

Walter F. Froh, Harrisburg, Pa., Michael J. Creighton, Pittsburgh, Pa., for Pennsylvania Dept. of Highways.

James A. Wood, Pittsburgh, Pa., for Paving Specialists.

## OPINION

SNYDER, District Judge.

On May 22, 1977, Paul Skrbina, a resident of Ohio, was seriously injured while driving his motorcycle on a road in Mercer County, Pennsylvania, when he swerved to avoid a "pothole"[1], struck another "pothole" and was thrown to the ground. He alleges that the Pennsylvania Department of Highways (PennDOT) was negligent in failing to maintain the roadway and/or in failing to warn motorists of the danger. He also alleges that Pavement Specialists, Inc., a Missouri corporation, engaged then in repairing the road under a contract with PennDOT, failed to warn of the danger. PennDOT has moved to dismiss on the grounds that an action against the Commonwealth in federal court is barred by the Eleventh Amendment to the United States Constitution, since recovery could only be paid out of public funds. The Motion will be granted.

## I.

In *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), the Pennsylvania Supreme Court abolished sovereign immunity as a defense.[2] Immediately, the question arose whether this abrogation constituted a waiver of the immunity normally afforded the state by the Eleventh Amendment in a federal forum. Judge Donald E. Ziegler of this Court held that it did in *Greenfield v. Vesella*, 457 F.Supp. 316 (W.D.Pa.1978).[3] Several other courts have held to the contrary. *See Hernandez v. Whitesell*, 462 F.Supp. 569 (E.D. Pa.1978); *Battle v. Commonwealth*, No. 78–132 (E.D.Pa., September 19, 1978). The reasoning of these latter cases was that although *Mayle* abolished the common law defense of sovereign immunity in tort cases in Pennsylvania, it did not abrogate sovereign immunity where provided by statute. Thus, where Pennsylvania provided by statute for exclusive jurisdiction in the Commonwealth of all civil actions or proceedings against the Commonwealth, or any officer thereof acting in his official capacity, 17 P.S. § 211.401, federal courts were precluded from finding that the Commonwealth had consented to suit in a federal forum.

Subsequent to *Mayle*, and effective September 28, 1978, the General Assembly of Pennsylvania enacted Act No. 1978–152, which provided *inter alia*:

1. "Pothole" in the United States and particularly in Western Pennsylvania is commonly understood, as defined in Webster's Dictionary, as "a deep hole or pit, especially in a road surface".

2. In *Mayle*, the plaintiff was injured when his vehicle struck an obstruction on a state-maintained road. He alleged that the accident was caused by PennDOT's negligence in failing to take proper safety precautions incident to its resurfacing operation. The Commonwealth Court had dismissed the complaint on the grounds of sovereign immunity.

3. In *Greenfield* there was involved an action for death in a fire of a business invitee against the motel owner, and the owner filed a third party complaint against the Pennsylvania Department of Labor and Industry and its employees for alleged negligence in inspecting the premises. Judge Ziegler held "that the decision of the Supreme Court of Pennsylvania, which abolished the doctrine of sovereign immunity [in *Mayle*], also abrogates the Eleventh Amendment immunity . . . ."

"§ 2310. *Sovereign immunity reaffirmed; specific waiver* [42 Pa.C.S.A. § 2310]

Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) unless otherwise specifically authorized by statute."

\*     \*     \*     \*     \*     \*

"§ 761. *Original jurisdiction* [42 Pa.C.S.A. § 761]

(a) General rule.—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

(i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court;

(ii) eminent domain proceedings; and

(iii) actions on claims in which sovereign immunity has been waived pursuant to section 5110 (relating to limited waiver of sovereign immunity) and pursuant to the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Arbitration of Claims Act.

(2) By the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings.

(3) Original jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.

\*     \*     \*     \*     \*     \*

(c) No waiver of sovereign immunity. —The provisions of subsection (a)(1) relating to actions or proceedings against the Commonwealth shall not be construed as a waiver by the Commonwealth of immunity to suit except as specifically waived pursuant to section 5110 or pursuant to the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Arbitration of Claims Act." (Footnote omitted)

\*     \*     \*     \*     \*     \*

"Section 5. [Not codified] Construction and application.

\*     \*     \*     \*     \*     \*

(e) Nothing contained in this act shall be construed to waive the Commonwealth's immunity from suit in Federal courts guaranteed by the eleventh amendment to the United States Constitution." (Footnote omitted)

See 1978 Pa.Legis.Serv. 629–36 (Act 152 amends or adds §§ 761(a) and (c), 762(a)(1), 931(a) and (c), 2310, 5101(b), 5110, 5111 and 5522(a)).

Following this legislation, no waiver of immunity can be implied. *See Skehan v. Board of Trustees of Bloomsburg State College*, 590 F.2d 470 (3rd Cir. 1978); *Selner v. Philadelphia Electric Co.*, No. 78–2715 (E.D. Pa., January 29, 1979); *Palmer v. Penn-Ohio Road Materials, Inc.*, 462 F.Supp. 312 (W.D.Pa.1978); *Luckhardt v. California State College*, No. 78–434 (W.D.Pa. November 30, 1978). Furthermore, it was applied retroactively. *See Palmer v. Penn-Ohio Road Materials, Inc., supra.*

In *Palmer, supra,* the plaintiff argued that the statute, enacted in September of 1978, would be inapplicable to a cause of action which accrued in March of 1976, since such an application would destroy a vested right. The court rejected this argu-

ment because, on the date of the accident, the plaintiff did not possess a vested right of action against PennDOT since sovereign immunity protected the Commonwealth.

■ Skrbina argues here that when *Mayle* removed the affirmative defense of sovereign immunity, federal jurisdiction immediately vested based upon diversity, and the Pennsylvania Legislature cannot defeat diversity jurisdiction once it attached. This argument hinges on his assertion that *Mayle* was an unequivocal waiver of the Eleventh Amendment immunity; we do not agree. In *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the Supreme Court recognized that a state may waive its Eleventh Amendment immunity, but, "[i]n deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.' *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 53 L.Ed. 742 (1909)." 451 U.S. at 673, 94 S.Ct. at 1360, 1361, 39 L.Ed.2d at 678. But *Mayle* was not such a waiver. *See Hernandez v. Whitesell, supra.* Therefore, Act 152 is not a reversal of *Mayle*, but a clarification that Pennsylvania did not waive its Eleventh Amendment immunity.

The action against PennDOT in federal court is barred by the Eleventh Amendment and, therefore, PennDOT's Motion to Dismiss will be granted.