## Cohen v. General Electric Co.

*Michael H. Wagman*, for defendant General Electric Co.

*E. Richard Young, Jr.*, for plaintiff.

MUELLER, *J.*, December 30, 1982—Between May and December of 1978 Leon R. Cohen and Frances H. Cohen (hereinafter referred to as plaintiffs) had four townhouses constructed by Hess Home Builders, Inc. Hess subcontracted with Kirchoff, Inc., for the installation of four heat pumps manufactured by the General Electric Company. Plaintiffs relied on the General Electric Company's literature in selecting General Electric heat pumps. General Electric advertised that with heat pumps one would have substantial savings over conventional heating systems.

Plaintiffs began to lease the townhouses in December of 1978. They became aware that the heat pumps were not operating properly when the heating bills received in January of 1979 were extremely high.

On September 28, 1982, plaintiffs brought suit against the contractor, Hess Home Builders, Inc., the subcontractor, Kirchoff, Inc., and the manufacturer of the heat pumps, General Electric Company. On November 4, 1982, General Electric Company (hereinafter referred to as defendant) filed its answer to plaintiffs' complaint and new matter raising inter alia, the defense of the statute of limitations. On November 18, 1982, defendant filed a motion for summary judgment based on the statute of limitations defense. Briefs have been filed, and defendant's motion for summary judgment is now before the court.

Summary judgment may be granted only if the record reveals no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law: Pa.R.C.P. 1035(b); Scheetz v. Borough of Lansdale, 64 Pa. Commw. 24, 438 A. 2d 1048 (1982). Since the issue before the court is extremely narrow, limited solely to the question of which statute of limitations applies, a motion for summary judgment is appropriate. If the two-year statute of limitations applies, then plaintiffs' claim against defendant is barred. If any period of four years or longer applies, the complaint has been timely filed.

Defendant asserts the applicable statute of limitations is two years, relying on 42 Pa.C.S.A. § 5524, which states:

§ 5524. Two-year limitation

The following actions and proceedings must be commenced within two years: (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property.

(5) An action upon a statute for a civil penalty or forfeiture where the action is given to a government unit.

(6) An action against any officer of any government unit for the nonpayment of money or the non-

delivery of property collected upon on execution or otherwise in his possession.

Defendant points out that when the Judiciary Act Repealer Act[1] was passed, there was an attempt to bring uniformity to the different statutes of limitations. Contract actions, not founded upon a writing, and those governed by the Uniform Commercial Code are controlled by 42 Pa.C.S.A. §5525, which states:

§5525. Four-year limitation

The following actions and proceedings must be commenced within four years:

(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

(2) Any action subject to 13 Pa.C.S.A. §2725 (relating to statute of limitations in contracts for sale).

(3) An action upon an express contract not founded upon an instrument in writing.

(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

Other contract actions based on a bond, note or other written instrument must be commenced within six years as required by 42 Pa.C.S.A §5527.

§5527. Six-year limitation

The following actions and proceedings must be commenced within six years:

(1) An action upon a judgment or decree of any court of the United States or of any state.

(2) An action upon a contract, obligation or liability founded upon a bond, note or other instru-

---

1. Judiciary Act Repealer Act, Act of 1976, July 9, P.L. 586, No. 142, eff. June 27, 1978, 42 Pa.C.S.A. §101-7100, commonly referred to as JARA.

ment in writing, except an action subject to another limitation specified in this subchapter. Where an instrument is payable upon demand, the time within which an action or proceeding on it must be commenced shall be computed from the later of either demand or any payment of principal or of interest on the instrument.

(3) An action upon any official bond.

(4) A proceeding in inverse condemnation . . .

(5) An action to set aside a judicial sale of property.

(6) Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation).

Tort actions are governed by Section 5524, set forth previously in this opinion, with the exceptions of libel, slander, and invasion of privacy which are governed by 42 Pa.C.S.A. §5523. Plaintiffs in this action have sued in tort for monetary loss sustained as a result of defendant's negligence. In other words, plaintiffs aver defendant's negligence caused plaintiffs to incur extra expense associated with their use of the heat pumps manufactured by defendant. This suit in the court's analysis fits under Section 5524(3), "An action for taking, detaining or *injuring personal property* . . . ." (Emphasis added.) The injury is the extra expenditure of funds required to make the heat pumps function as efficiently as expected and advertised. Defendant's position is supported by Matlack, Inc. v. Butler Manufacturing Co., 253 F. Supp. 972 (E.D. Pa. 1966), where the injury was the expenditure of money to repair, modify, replace, and improve engines and equipment damaged by the malfunctioning of the engines. The court found that claims

based on negligence in installing the engines were governed by Pennsylvania's four-year statute of limitations, 12 P.S. §31 (now repealed). With the revisions provided by JARA, those actions once covered by 12 P.S. §31 are now governed by 42 Pa.C.S.A. §5524. The official source note following Section 5524 states that paragraphs (1), (3) and (4) of that section are derived from Section 31. The court finds defendant's position persuasive.

Plaintiffs contend the correct statute of limitations to be applied is found in 42 Pa.C.S.A. §5536, which states:

§5536. Construction projects

(a) General rule.—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) Any deficiency in the design, planning supervision or observation of construction or construction of the improvement.

(2) Injury to property, real or personal, arising out of any such deficiency.

(3) Injury to the person or for wrongful death arising out of any such deficiency.

(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

(b) Exceptions.—. . . .

(c) No extension of limitations.—This section shall not extend the period within which any civil action or proceeding may be commenced under any provision of law. (Emphasis added.)

Plaintiffs do not claim that defendant's product was deficient or damaged property. Plaintiffs assert that defendant neglected its duty to supervise and qualify its distributor in the proper installation of its heat pumps. Plaintiffs contend that by not supervising, what they believe to be "improvements to real property",[2] defendant's action would fall under Section 5536. To support their argument plaintiffs cite Loeblein v. Sprout-Waldron, Inc., 68 Lanc. L. Rev. 346 (1982). In Loeblein, the court found that a ladder and cage installed on a grain elevator were improvements to real property. The court also found that selling, manufacturing and installing are all activities which are encompassed by Section 5536. Plaintiffs analogize the ladder and cage in Loeblein with defendant's heat pumps in this case and urge this court to find the heat pumps to be improvements to real property.

The court need not decide if this analogy is accurate. Section 5536 is not a statute of limitations but a statute of repose. Section 5536[3] does not merely bar a person's right to seek a remedy, it completely abolishes any cause of action at a point 12 years after the completion of an improvement. Mitchell v. United Elevator Co., Inc., 290 Pa. Super. 476 434 A. 2d 1243 (1981). In Mitchell, the Superior Court quoted part of the opinion in Misitis v. Steel City Piping Co., 441 Pa. 339, 272 A. 2d 883 (1971), where the Pennsylvania Supreme Court discussed the effect of the Act of 1965:

The Act of 1965 did not change the two-year pe-

---

2. Whether these are improvements to real property is a conclusion the court need not come to as explained later in this opinion.

3. Act of December 22, 1965, P.L. 1183, 12 P.S. §65.1 et seq., was substantially reenacted as 42 Pa.C.S.A. §5536.

riod. Instead the Act *completely eliminates* all causes of action arising out of the negligence in construction or design which occurred more than twelve years before the accident. After the effective date of the statute, in a case like this, even if a would-be plaintiff attempted to file a suit immediately after the accident while on his way to the hospital, his haste would be to no avail. *He would have no cause of action.* (Emphasis added.)

At 486. Even if Section 5536 did apply as plaintiffs suggest, it would not help plaintiffs' cause of action against defendant since the section does not extend any applicable statute of limitations. Section 5536(c) states, *"No extension of limitations.* —This section shall not extend the period within which any civil action or proceeding may be commenced under any provision of law." Section 5536 provides a period of time after which a cause of action will be extinguished even if the statute of limitations has not run. Loeblein is in accord since that court ruled plaintiff's cause of action was barred by Section 5536 in that more than 30 years had elapsed since the cage and ladder had been installed.

Plaintiffs argue in the alternative the court should find that the applicable statute of limitations is six years since the cause of action is controlled by 42 Pa.C.S.A § 5527(6), which provides, "(6) Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation)." This section would be applicable only if the court were to find no controlling statute of limitations.

The court finds section 5524 is the governing

statute of limitations. Plaintiffs admit that they knew the heat pumps were not functioning as expected before September 27, 1980 (plaintiffs' answer to defendant's request for admission filed November 15, 1982). Plaintiffs actually became aware that the heat pumps were not functioning correctly in January of 1979 (defendant's interrogatories addressed to plaintiffs, Set 1, No. 1, filed November 15, 1982). More than two years elapsed, before plaintiffs brought this suit which bars plaintiffs' cause of action against defendant General Electric Company.

## ORDER

And now, December 30, 1982, defendant General Electric Company's motion for summary judgment is granted.