Nona GOAD, Administratrix of the Estate of Mark Edward Goad, Deceased, Plaintiff,

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION and Henry Clay Township, Defendants.

Civ. A. No. 81–989.

United States District Court, W. D. Pennsylvania.

Nov. 15, 1981.

Michael J. Seymour, Pittsburgh, Pa., for plaintiff.

Frank Micale, Deputy Atty. Gen., Pittsburgh, Pa., for Commonwealth.

H. Fred Mercer, Pittsburgh, Pa., for Township.

## OPINION AND ORDER

TEITELBAUM, District Judge.

The plaintiff, Nona Goad, commenced the above captioned case on June 16, 1981. In her complaint she alleged that her decedent died on March 12, 1980, as a result of injuries he sustained in a truck accident that occurred on a portion of U.S. Route 40 known as Jockey Valley Hill. Further averments in the complaint state that the accident was caused by the joint or several negligence of the defendants, Commonwealth of Pennsylvania Department of Transportation (hereinafter referred to as PENNDOT) and Henry Clay Township (hereinafter Township), by their failure to provide warning to motorists of the steepness of the grade at that point on U.S. Route 40. In addition to the complaint, the plaintiff presented a motion captioned "MOTION FOR LEAVE OF COURT TO ENTER A TRESPASS ACTION AGAINST THE COMMONWEALTH OF PENNSYLVANIA AND HENRY CLAY TOWNSHIP." Defendant PENNDOT subsequently presented a motion to dismiss and defendant Township presented a motion to quash service and dismiss the complaint. The disposition of these motions is presently before the Court.

### Plaintiff's Motion to Enter Trespass Action

Plaintiff's motion indicates that while under Pennsylvania law [1] she may have been required to notify defendants of the circumstances giving rise to this suit within six months or 180 days of the March 12, 1980 death of her decedent, such notice was not given to PENNDOT or Township until January 12, 1981 and January 22, 1981, respectively.

The plaintiff explains that she retained an attorney from the State of California who was unfamiliar with the notice requirement for bringing suit against a municipality under Pennsylvania law and that her attorney had been informed by an investigator that there was no notice requirement. The plaintiff continues that when her counsel learned of the requirement, notice was promptly given. The plaintiff suggests that the foregoing constitutes a showing of reasonable excuse sufficient to excuse noncompliance and permit further prosecution of this action. She therefore requested this Court's permission to enter the trespass action.

While the specific language of a forerunner of both the Political Subdivision Tort Claims Act [2] and the current law seemed to have commanded a plaintiff to bring his noncompliance with the six month notice requirement to the attention of the court and offer a reasonable excuse *before* filing his complaint to validate that filing, the decisional law provided that the plaintiff was not required to do so. If plaintiff failed to raise his noncompliance and offer a "reasonable excuse" prior to the filing of the complaint, defendant could raise the issue as an affirmative defense, otherwise the issue was considered waived. *Yurechko v. Allegheny County*, 430 Pa. 325, 329–30, 243 A.2d 372, 375–76 (1968).

■ It is unclear whether or not plaintiff's attempted pre-complaint procedure is still available when an action is commenced in the state court under the Political Subdivisions Tort Claims Act. However, when the action is commenced in a federal court due to diversity of citizenship, the Federal Rules of Civil Procedure make it unnecessary for a federal court to validate the filing of a complaint.

In *Hanna v. Plummer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) the Supreme Court of the United States held that when a Federal Rule of Civil Procedure was in direct conflict with the law of a relevant state, the federal procedural rule was controlling. In light of this explicit holding, the plaintiff's motion in the instant case is inappropriate. Fed.R.Civ.P. 3 provides that an action is commenced with the filing of a complaint. In the instant case the complaint has been filed. There is no need to further validate that filing under federal law, as plaintiff's motion requests.

For the reasons set forth above the plaintiff's motion will be stricken as inappropriate.

### Township's Motion to Dismiss

Defendant Township has moved for dismissal of the action, asserting that suit is

---

1. At the time of the occurrence of the events which gave rise to the present suit, Pennsylvania had in effect the Political Subdivisions Tort Claims Act [hereinafter referred to as the Act] which had a 180 day notice requirement. The Act provided a comprehensive procedure for presenting claims against municipalities. It required, *inter alia*, that any person intending to commence a civil action against a municipality for personal injury damage had to send written notice of the intended claim to the office of the intended municipal defendant within 180 days of the accrual of the cause of action. Failure to comply with the notice requirement could bar any subsequent action for damages unless the failure was reasonably explained or unless the political subdivision otherwise had actual or constructive notice of the incident or condition giving rise to the individual's claim. Section 504(b) of Political Subdivision Torts Claim Act, formerly codified at 53 P.S. § 5311.504.

This Act, along with certain applicable sections of the Judiciary Act of 1976 was in effect until repealed on October 5, 1980, effective 60 days from that date. It was replaced by the new 42 Pa.Cons.Stat.Ann. § 5522 (Purdon). The Act's notice requirement was changed in 1980 from a 180 day requirement to a 6 month requirement. The "reasonable excuse" and "actual or constructive notice" defenses were maintained in the replacement legislation.

2. Act of July 1, 1937, P.L. 2547, formerly codified at 53 P.S. § 5301.

barred under section 504 of the Act since plaintiff failed to comply with the 180 day written notice provision required by that law. The Township alleges it has suffered severe prejudice as a result of that failure.

As noted above, plaintiff claims notice was sent some 10½ months after the date of the occurrence and that she had "reasonable excuse" for her failure to file such notice within the six month period. Additionally, plaintiff contends that defendant Township had actual or constructive notice of the condition which gave rise to the accident since numerous truck accidents had occurred in the same vicinity over a ten year period prior to the accident at issue. If established, this would also excuse compliance under section 504(b) of the Act.

■ Although defendant Township attempts to raise the issue of noncompliance by way of a motion to dismiss, it appears from prior judicial interpretation of the purpose of the requirement and the burden of proof as imposed by the Pennsylvania Supreme Court that this issue cannot be disposed of at the pleading stage. The *Yurechko* court characterized the issue as one in the nature of an affirmative defense, not intended as a

> sword . . . whereby they might cut down the rights of *all* tardy litigants, *including* those whose claims are validly based upon negligence of that very municipality *and* whose tardiness has not caused any prejudice. Rather the Act . . . serves as a shield by which municipal governments might protect themselves against claims of those who have tarried so long that they have made it insurmountably difficult for the municipality to conduct a proper investigation into the circumstances of the accident. [Emphasis in original] *Yurechko*, 430 Pa. at 332–3, 243 A.2d at 377.

As an affirmative defense the burden of proof is imposed on the defendant municipality to prove that 1) timely notice was not filed, a matter admitted by the plaintiff in the instant case; and 2) as a result of plaintiff's delay the municipality has, in fact, been unable to properly conduct an investigation and has suffered undue hardship. "If no harm or prejudice has befallen the municipality as a result of claimant's tardiness, then such tardiness is based upon a 'reasonable excuse'." *Id.* At this point in the proceedings defendant has not, as yet, sustained this burden of proof. This Court cannot dispose of the dispute at this stage. Defendant Township's motion is, therefore, denied.

### Motion to Dismiss on Behalf of Commonwealth of Pennsylvania, Department of Transportation

■ PENNDOT asserts that as an agent of the state it is not subject to the jurisdiction of this Court due to its immunity from suit in federal court under the Eleventh Amendment to the United States Constitution. Plaintiff argues that in a suit against PENNDOT the state is not the real party in interest under the "alter ego" test enunciated in *Urbano v. Board of Managers of New Jersey State Prison*, 415 F.2d 247 (3d Cir. 1969), *cert. denied*, 397 U.S. 948, 90 S.Ct. 967, 25 L.Ed.2d 128 (1970). Plaintiff's argument has already been rejected by two district courts in this circuit, which have found that PENNDOT is the alter ego of the state and is, therefore, immune from suit in the federal courts under the Eleventh Amendment. *Skrbina v. Pennsylvania Department of Highways*, 468 F.Supp. 215 (W.D. Pa.1979); *Savory v. Kawasaki Motor Corp.*, 472 F.Supp. 1216 (E.D.Pa.1979). This Court concurs in those decisions. Defendant PENNDOT's motion will be granted.