Joseph FRANCESCO, Plaintiff,

v.

**WHITE TIGER TRANSPORTATION COMPANY, INC., Defendant,**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, Third Party Defendant.**

Beverly FRANCESCO, Plaintiff,

v.

**WHITE TIGER TRANSPORTATION COMPANY, INC., Defendant,**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, Third Party Defendant.**

Civ. Nos. 87–0167, 87–0168.

United States District Court,
M.D. Pennsylvania.

Jan. 28, 1988.

John J. Byrne, Edward S. Neyhart, Dunn & Byrne, Scranton, Pa., for plaintiffs.

James Howley, Scanlon, Howley, Scanlon & Doherty, Scranton, Pa., for defendant.

Mark E. Morrison, Deputy Atty. Gen., Office of Atty. Gen., Harrisburg, Pa., for third party defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Presently before this Court is a motion to dismiss filed by the Commonwealth of Pennsylvania in the above-captioned matters. A brief in opposition has been filed by Defendant/Third Party Plaintiff, White Tiger Transportation Company, Inc. (White Tiger) and this matter is ripe for our review. For the reasons stated below, we shall grant the Commonwealth's motion to dismiss, and further order that *Francesco v. White Tiger Transportation Company, Inc.*, Civil No. 87–0168 be consolidated with *Francesco v. White Tiger Transportation Company, Inc.*, Civil No. 87–0167. *See* Fed.R.Civ.P. 42(a).

*Procedural History*

Joseph Francesco filed this action on February 3, 1987, alleging negligence on the part of Defendant White Tiger in the operation of a tractor trailer.

An answer was filed on May 7, 1987, by White Tiger. On October 6, 1987, Defendant White Tiger obtained leave of court to join the Commonwealth of Pennsylvania as a Third Party Defendant pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

Upon receiving Defendant/Third–Party Plaintiff White Tiger's complaint, the Commonwealth filed a motion to dismiss on November 24, 1987, which is currently under consideration.

*Statement of Facts*

It is alleged that on August 30, 1985, Joseph and Beverly Francesco were involved in an auto accident on Interstate Route 380 in Roaring Brook Township, Lackawanna County, Pennsylvania. Plaintiff contends Defendant/Third Party Plaintiff's employee lost control of his tractor trailer and struck the Francescos' vehicle twice from behind. Plaintiff Francesco claims that the cause of the accident was the negligent operation of Defendant/Third Party Plaintiff's truck. Defendant/Third Party Plaintiff, in its third party complaint, asserts that the accident occurred from the negligent posting of warning signs at a highway construction or repair area on the part of the Third Party Defendant, Commonwealth of Pennsylvania, Department of Transportation.

*Discussion*

■ In response to White Tiger's third party complaint, the Commonwealth of Pennsylvania asserts its right to sovereign immunity under the Eleventh Amendment to the United States Constitution. That amendment provides, in relevant part:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It applies only to bar a suit against the state in federal court. Whether a state may be sued in its own state courts is a matter of its own state law. *Skehan v. Board of Trustees of Bloomsburg State College, et al.*, 669 F.2d 142, 147 (3d Cir. 1982). Though this amendment is not literally applicable to a suit against a state by its own citizens, an unconsenting state is immune, under constitutional constraints on the exercise of federal judicial power, from suits brought in federal courts by its

own citizens as well as by citizens of another state. *See Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Employees v. Department of Public Health and Welfare of Missouri, et al.,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). The Commonwealth argues that it has not waived its sovereign immunity and therefore dismissal is in order on jurisdictional grounds.

 In their response to the Commonwealth's motion to dismiss, White Tiger claims that the Commonwealth's receipt of federal monies from the Federal Highway Administration caused it to waive its immunity defense. Such an assertion, however, is in direct conflict with stated case law. *See, e.g., Edelman v. Jordan,* 415 U.S. 651, 671–74, 94 S.Ct. 1347, 1359–61, 39 L.Ed.2d 662 (1974) (no waiver by mere participation in federal welfare programs); *Daye v. Commonwealth of Pennsylvania,* 483 F.2d 294, 298 (3d Cir.1973), *cert. denied,* 416 U.S. 946, 94 S.Ct. 1956, 40 L.Ed.2d 298 (1974) (no waiver based on mere acceptance of funds by the Commonwealth under the Federal–Aid Highway Act). *Goad v. Commonwealth of Pennsylvania,* 530 F.Supp. 342, 344 (W.D.Pa.1981) (rejection of claim that Pennsylvania Department of Transportation is an alter ego of the state and thus immune from suit); *Skrbina v. Pennsylvania Department of Highways,* 468 F.Supp. 215, 218 (W.D.Pa.1979) (state must clearly and explicitly waive its immunity to suit in federal court). *See also Skehan v. Board of Trustees of Bloomsburg State College, et al.,* 669 F.2d 142, 148 (3rd Cir.1982) (the rule of clear and expressed waiver is required for federal suit); *McKay v. Boyd Construction Co., Inc.,* 769 F.2d 1084 (5th Cir.1985) (Mississippi's participation in federal highway project could not be construed as waiver of its Eleventh amendment immunity).

White Tiger's second argument, that the Department of Transportation is a de facto arm of the federal government is without merit since it ignores the very basis of our federal system. That is, in all matters of governance, the state and federal bureaucracies are separate and equal entities in the exercise of their sovereign authority. It is only when the two conflict in the exercise of their power that the supremacy of the federal government results. U.S. Const. Art. VI.

In light of the above, we shall grant the Commonwealth's motion to dismiss based on its Eleventh Amendment immunity.

 Before this case proceeds any further, however, it has come to our attention that in the interests of judicial economy this suit should be consolidated with *Francesco v. White Tiger Transportation Company, Inc.,* Civil No. 87–0168, (M.D.Pa. Feb. 3, 1987). The latter case, filed by Joseph Francesco's wife, Beverly, arose out of the same set of facts and seeks basically the same relief. When such actions involving a common question of law or fact are pending before a court, we may order all the actions consolidated pursuant to Federal Rule of Civil Procedure 42(a). This is a procedural device designed to promote convenience and economy in administration while avoiding duplicative litigation. *See Miller v. United State Postal Service,* 729 F.2d 1033 (5th Cir.1984); *Bottazzi v. Petroleum Helicopters, Inc.,* 664 F.2d 49 (5th Cir.1981); *Cole v. Schenley Industries, Inc.,* 563 F.2d 35 (2d Cir.1977). Accordingly, we shall order the consolidation of these cases. An appropriate Order is attached.

### ORDER

NOW, this 28th day of January, 1988, IT IS HEREBY ORDERED THAT:

1. Third Party Defendant's motion to dismiss is granted.

2. The Clerk of Courts is directed to consolidate *Francesco v. White Tiger Transportation Company, Inc.,* Civil No. 87–0168, into the case of *Francesco v. White Tiger Transportation Company, Inc.,* Civil No. 87–0167 pursuant to Federal Rule of Civil Procedure 42(a).

3. The Clerk of Courts is directed to close the case of *Francesco v. White Tiger Transportation Company, Inc.,* Civil No. 87–0168.