## In re Christopher PASSODELIS, Sr., Debtor.

**Francis M. Woods, Louis Woods, and Rose Marie Woods, his wife, Rose Mary Woods and Rosella Stephen, Plaintiffs,**

v.

**Christopher Passodelis, and C.P. Financial Services, Inc., and C.P. Real Estate, Penn Mutual Insurance Company, John M. Mouganis, Richard Snebold and The Mouganis/Snebold Agency, William C. Passodelis and Christopher Passodelis, Jr. Defendants.**

**Bankruptcy No. 97–24837–MBM.
Adversary No. 99–2092–MBM.**

United States Bankruptcy Court, W.D. Pennsylvania, Pittsburgh Division.

May 21, 1999.

---

Robert Gerald Sable, Sable, Pusateri, Rosen, Gordon & Adams, Pittsburgh, PA, for Debtor.

James F. Israel, James A. McGovern, Michael Kaminski, Joseph Friedman, Office of the U.S. Trustee, James A. Ashton, James R. Cooney, Joseph E. Schmitt, William C. Passodelis, Pittsburgh, PA.

### MEMORANDUM AND ORDER OF COURT

M. BRUCE McCULLOUGH, Bankruptcy Judge.

**AND NOW**, this **21st day of May, 1999,** upon consideration of

(A) the motions, raised in the alternative, by Penn Mutual Insurance Company (Penn Mutual) for remand of, or mandatory abstention with respect to, the instant plaintiffs' causes of action against the instant debtor, said debtor's wife, and Penn Mutual, which actions (i) comprised plaintiffs' civil proceeding originally commenced in the Pennsylvania Court of Common Pleas for Allegheny County on April 7, 1997,[1] (ii) were subsequently removed by

---

1. Plaintiffs filed their state court complaint setting forth the removed causes of action at issue herein on April 7, 1997. However, plaintiffs filed a praecipe for writ of summons with respect to the civil proceeding to which the subsequently-filed complaint pertains on October 3, 1996. The Court will henceforth refer to April 7, 1997, as the date upon which

plaintiffs to this Court on March 16, 1999, pursuant to 28 U.S.C. § 1452, and (iii) now comprise the substance of the above-captioned adversary proceeding;

(B) Penn Mutual's response to plaintiffs' notice of removal pursuant to Fed. R.Bankr.P. 9027(e)(3), wherein Penn Mutual (i) contends that this Court lacks subject matter jurisdiction over plaintiffs' removed causes of action, or, alternatively, that said removed actions constitute noncore matters if this Court can exercise subject matter jurisdiction over them, and (ii) withholds its consent to entry of final orders or judgments by this Court regarding the removed actions in the event that said actions are determined to constitute noncore matters;

(C) plaintiffs' notice of removal of the civil proceeding commenced in the Common Pleas Court, wherein plaintiffs contend that the removed actions will constitute (i) core matters if they are ultimately consolidated with Penn Mutual's pending adversary proceeding in this Court, which pending adversary proceeding seeks a determination of nondischargeability by this Court with respect to Penn Mutual's claims for indemnification/contribution against the instant debtors, and (ii) noncore matters absent said consolidation, in which event, according to plaintiffs, all of

the parties have consented to this Court's entering of a final judgment and/or order with respect to said actions, such consent allegedly having been given by Penn Mutual by virtue of its having commenced its aforementioned nondischargeability adversary proceeding in this Court and its having filed a proof of claim against the debtor's bankruptcy estate;

(D) plaintiffs' six-count state court complaint, wherein plaintiffs plead the removed causes of action for (i) fraud, conversion, and violation of state unfair trade practices law against the debtor, his wife, and Penn Mutual (Counts 1, 2, and 5), (ii) negligence and breach of contract against Penn Mutual only (Counts 3 and 4), and (iii) conspiracy against the debtor and his wife only (Count 6);[2]

(E) plaintiffs' response to Penn Mutual's motions for remand and mandatory abstention, as well as the case authorities submitted by plaintiffs as supposedly supporting plaintiffs' respective positions;

(F) Penn Mutual's reply to plaintiffs' aforementioned response, as well as Penn Mutual's letter dated May 11, 1999;

(G) Penn Mutual's complaint which commenced its aforementioned pending adversary proceeding in this Court;

plaintiffs commenced the state court proceeding without inquiring further as to whether that determination is technically correct under Pennsylvania law because, as will be seen in part I below, it matters not whether the state court civil proceeding commenced on April 7, 1997, or an earlier date.

2. In each of plaintiffs' pleadings filed with this Court pertaining to the instant adversary proceeding, including, *inter alia*, the notice of removal and the adversary proceeding cover sheet, plaintiffs name as defendants to said adversary proceeding several individuals and entities who do not appear as named defendants in plaintiffs' state court complaint, which complaint sets forth the causes of action which plaintiffs have removed to this Court. In particular, C.P. Financial Services, Inc., C.P. Real Estate, John M. Mouganis, Richard Snebold, The Mouganis/Snebold Agency, William C. Passodelis, and Christo-

pher Passodelis, Jr., are named as defendants to this adversary proceeding although they were not named in plaintiffs' state court complaint. The Court notes, as an aside, that these individuals and entities may have been inserted as defendants to this adversary proceeding because they were named as defendants in plaintiffs' praecipe for writ of summons, which pleading was filed in state court approximately six months prior to plaintiffs' complaint. Whatever the reason for the inclusion of said individuals and entities, the Court will disregard them in its analysis and resolution of Penn Mutual's motions for remand and mandatory abstention because they are not named as parties to any of plaintiffs' removed causes of action. Of course, plaintiffs, going forward, should take any necessary action to amend the pertinent pleadings so that only the proper parties are subsequently reflected as defendants.

(H) plaintiffs' stipulation with the debtor wherein the debtor consented to limited relief from stay so that plaintiffs could pursue to judgment the removed causes of action in the Common Pleas Court, which stipulation this Court approved by an order dated November 25, 1997; and

(I) plaintiffs' proofs of claim in the instant bankruptcy case, which proofs of claim (i) were each filed on January 30, 1998, in violation of the December 15, 1997 claims bar date established for the instant case, and (ii) indicated that said claims each arose merely as a result of the lending of money by plaintiffs;

and subsequent to notice and a hearing on Penn Mutual's motions held on May 6, 1999, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Penn Mutual's motion for remand or, alternatively, mandatory abstention, is **GRANTED** and plaintiffs' removed state court causes of action shall all be **REMANDED** forthwith to the Pennsylvania Common Pleas Court from which they were removed. The Court identifies the following four separate grounds upon which it bases its decision to remand plaintiffs' removed causes of action:

(a) plaintiffs did not file their notice of removal with respect to their state court causes of action in this Court within the time constraints imposed by Fed.R.Bankr.P. 9027(a)(2), and plaintiffs have not demonstrated excusable neglect such that this Court can now permit the untimely removal of said actions;

(b) the Court lacks subject matter jurisdiction over the causes of action set forth in plaintiffs' removed counts 3, 4 and 6, which means that those particular counts were not properly removed to this Court under 28 U.S.C. § 1452 in any event;

(c) the Court would have to grant Penn Mutual's motion for mandatory abstention under 28 U.S.C. § 1334(c)(2) with respect to each of plaintiffs' state court causes of action;

(d) plaintiffs requested a jury trial with respect to all of their state court causes of action and Penn Mutual has neither consented to (i) a withdrawal of said jury trial demand, which means that each count of plaintiffs' state court complaint in which Penn Mutual is named as a party defendant must be tried by a jury, nor (ii) a jury trial in this Court.

The Court shall, in the ensuing sections of this memorandum, set forth in greater detail the rationale behind its decision.

## I.

Plaintiffs and Penn Mutual agree that Fed.R.Bankr.P. 9027(a)(2) controls with respect to the issue of whether plaintiffs timely filed in this Court their notice of removal. The Court concurs with the parties in this regard because plaintiffs commenced the state court proceeding the subject of which was plaintiffs' removed state court actions on April 7, 1997, which date precedes July 3, 1997, which is when the instant bankruptcy case was commenced. Plaintiffs and Penn Mutual also agree, and this Court concurs, that the time limits contained in Fed.R.Bankr.P. 9027(a)(2)(A) and (C) have indisputably passed with respect to plaintiffs' notice of removal since said notice was filed on March 16, 1999, which is more than (a) ninety days subsequent to the July 3, 1997 order for relief in the instant case in violation of Fed.R.Bankr.P. 9027(a)(2)(A), and (b) 180 days after said order for relief in violation of Fed.R.Bankr.P. 9027(a)(2)(C). However, the parties disagree as to whether the time limit contained in Fed. R.Bankr.P. 9027(a)(2)(B) is applicable to plaintiffs' notice of removal and, if it is applicable, whether plaintiffs have satisfied said time limit.

■ Fed.R.Bankr.P. 9027(a)(2)(B) effectively provides that, even if the time limits contained in Fed.R.Bankr.P. 9027(a)(2)(A) and (C) have not been met, a notice of

removal is nevertheless timely filed if said notice is filed within "30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code." Fed. R.Bankr.P. 9027(a)(2)(B), 11 U.S.C.A. (West 1999). Penn Mutual contends that the latter time limit is inapplicable to plaintiffs' notice of removal, even though plaintiffs' actions, at least with respect to the instant debtor, are clearly stayed under 11 U.S.C. § 362(a),[3] because (a) an order has never been entered terminating the stay in the instant case, and (b) if said time limit is held to apply to the instant matter, then plaintiffs could remove a state court action to this Court at any time provided that an order was not entered terminating the automatic stay. The Court, contrary to Penn Mutual's pleas, must conclude that the time limit contained in Fed.R.Bankr.P. 9027(a)(2)(B) applies (a) even in the instance where an order is never entered to terminate an automatic stay, see Fed.R.Bankr.P. 9027 advisory committee's note, 11 U.S.C.A. (West 1984) ("As long as the stay remains in effect *there is no reason to impose a time limit for removal* to the bankruptcy court and, therefore, clause (B) of subdivision (a)(2) provides that a removal application may be filed within 30 days of entry of an order terminating the stay;" *see also* the example provided which demonstrates that the 180–day time limit does not operate if the stay applies and an order has not been entered terminating it), and (b) to plaintiffs' notice of removal given that plaintiffs' actions against the debtor are stayed under § 362(a).

■ While the Court agrees with plaintiffs that the time limit contained in Fed. R.Bankr.P. 9027(a)(2)(B) applies to plaintiffs' notice of removal, the Court never-

theless must also conclude that plaintiffs have not satisfied said time limit given that (a) this Court entered an order on November 25, 1997, terminating the stay in the instant case to the extent that plaintiffs sought to pursue to judgment the removed causes of action in the Common Pleas Court, and (b) thirty days from November 25, 1997, has long since passed. Plaintiffs are quick to point out, and the Court agrees, that the November 25, 1997 order of this Court only approved, and thus granted, the stay relief to which plaintiffs and the instant debtor stipulated, and that said parties agreed that the stay would not be impacted "with regard to execution and/or other collection activity against the Debtor and/or Property of this Estate." *See* October 27, 1997 Stipulation, para. 1. However, the impact of the November 25, 1997 order, as well as plaintiffs' intent in seeking said order, was to partially terminate the automatic stay "for the purpose of establishing liability against, *inter alia,* the Debtor." *See Id.* Moreover, and unfortunately for plaintiffs, the Court concludes that the portion of the stay which was so terminated is that portion which is relevant for the purpose of Fed.R.Bankr.P. 9027(a)(2)(B) given that plaintiffs presently seek, and can only seek, removal of their state court claims to this Court for the same limited purpose for which they initially sought and obtained stay relief on November 25, 1997 (i.e., to liquidate said claims to judgment). *See In re Thomson McKinnon, Inc.,* 130 B.R. 721, 722–24 (Bankr.S.D.N.Y.1991) (granting relief from stay "to *prosecute to judgment* a prepetition Securities Act case pending against the debtor," and concluding that the timeliness of the removal of pending district court litigation over said case would be measured from "the date, if any, when

**3.** The Court questions whether the removed causes of action, to the extent that Penn Mutual is named as a party defendant, are stayed under § 362(a) because Penn Mutual is not, and cannot in any way be viewed as, the instant debtor. To the extent that said causes of action are not stayed with respect to Penn

Mutual, Fed.R.Bankr.P. 9027(a)(2)(B) is indeed inapplicable. The Court need not resolve this question, however, because the time limit in Fed.R.Bankr.P. 9027(a)(2)(B) has nevertheless passed regardless of whether said time limit applies to the removed causes of action vis-a-vis Penn Mutual.

*relief from the stay is granted"* ). There-fore, plaintiffs did not comply with any of the time constraints set forth in Fed. R.Bankr.P. 9027(a)(2), which means that their notice of removal was not timely filed in this Court.

▉ Plaintiffs contend that, even if their removal notice was not timely filed under Fed.R.Bankr.P. 9027(a)(2), such tar-diness is not necessarily critical to their cause because the time constraints im-posed by Fed.R.Bankr.P. 9027(a)(2) may be enlarged, even after the expiration of said time limits, where excusable neglect is shown. The Court agrees with plaintiffs that, if excusable neglect is demonstrated, the time constraints in Fed.R.Bankr.P. 9027(a)(2) may be relaxed pursuant to Fed. R.Bankr.P. 9006(b)(1). *See Pacor, Inc. v. Higgins,* 743 F.2d 984, 996 n. 17 (3rd Cir.1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *In re World Financial Services Center, Inc.,* 81 B.R. 33, 39 (Bankr. S.D.Cal.1987); 10 *Collier on Bankruptcy,* para. 9027.05[1] at 9027–10 (Bender 1998). Unfortunately for plaintiffs, they can only demonstrate excusable neglect with re-spect to the period between November 25, 1997, which is when they obtained stay relief to pursue litigation of their state court causes of action, and September 25, 1998, which is when Penn Mutual, without any anticipation by plaintiffs, commenced its nondischargeability adversary proceed-ing in this Court. With respect to plain-tiffs' delay in filing their removal notice between September 25, 1998 and March 16, 1999, which is when plaintiffs finally filed their removal notice in this Court, plaintiffs have not tendered any explana-tion whatsoever for said delay, not even after a direct inquiry from the Court at the May 6, 1999 hearing. Therefore, the Court is not at liberty to extend the time constraints imposed by Fed.R.Bankr.P. 9027(a)(2) upon plaintiffs' filing of their removal notice.

Because plaintiffs did not comply with any of the time constraints set forth in Fed.R.Bankr.P. 9027(a)(2), and since the Court cannot extend said time limits under Fed.R.Bankr.P. 9006(b)(1), plaintiffs did not properly remove their state court causes of action to this Court. Thus, the Court must remand plaintiffs' state court actions back to the Pennsylvania Common Pleas Court from which they were re-moved.

## II.

▉ In order for plaintiffs to properly remove their state court causes of action to this Court, this Court must also be able to exercise subject matter jurisdiction over said actions. *See* 28 U.S.C.A. § 1452(a) (West 1994) ("A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). Plaintiffs clearly presume, both in their removal notice and in their response to Penn Mutual's motions, that this Court has subject matter jurisdiction over each of plaintiffs' removed causes of action. However, plaintiffs offer little if any sup-port for said presumption, instead choos-ing to focus on the related issue of whether the removed actions constitute core or noncore matters in this Court (i.e., wheth-er the Court's jurisdiction is core or non-core).

▉ In addition to possessing obvious subject matter jurisdiction over the instant bankruptcy case, *see* 28 U.S.C.A. § 1334(a) (West 1993), this Court has subject matter jurisdiction over "civil proceedings arising under title 11, or arising in or related to [the instant bankruptcy] case[ ]." *Id.* A court's "arising under" or "arising in" jur-isdiction is commonly equated with, and may therefore only be exercised over, those matters that are classified as core proceedings. *See, e.g., In re Wood,* 825 F.2d 90, 96–97 (5th Cir.1987); *Halper v. Halper,* 164 F.3d 830, 836 (3rd Cir.1999)

**61**

(citing *In re Marcus Hook*, 943 F.2d 261, 266 (3rd Cir.1991)); 1 *Collier on Bankruptcy*, para. 3.02[2] at 3–35. " 'A proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.' " *In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3rd Cir.1996) (quoting *Marcus Hook*, 943 F.2d at 267); *In re Continental Airlines*, 125 F.3d 120, 130–31 (3rd Cir.1997); *Halper*, 164 F.3d at 836–37 (citing both *Guild and Gallery Plus* and *Continental Airlines* ). As for a court's "related to" jurisdiction, "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*" *Pacor*, 743 F.2d at 994 (emphasis theirs). If a proceeding can do no more than satisfy the "related to" test, then it cannot be classified as a core proceeding; consequently, the Court's "related to" jurisdiction is often informally equated with non-core proceedings. *See Halper*, 164 F.3d at 837; *Wood*, 825 F.2d at 97; 1 *Collier on Bankruptcy*, paras. 3.01[4][c] at 3–20; 3.01[4][c][ii] at 3–23; 3.02[2] at 3–35 ("Related proceedings ... are excluded from being treated as 'core proceedings' by 28 U.S.C. § 157(b)(1)," and "[t]he phraseology of section 157 leads to the conclusion that there is no such thing as a core matter which is 'related to' a case under title 11").

After a painstaking analysis, this Court concludes that (a) it possesses subject matter jurisdiction over Counts 1, 2, and 5 of plaintiffs' state court complaint, (b) the causes of action pled in said counts constitute noncore matters within this Court, and (c) it lacks subject matter jurisdiction altogether with respect to Counts 3, 4, and 6 of said complaint.

**A. *Analysis of the Court's core jurisdiction.***

■ For several reasons the Court concludes that plaintiffs' six removed counts fail to constitute core proceedings. First, said counts, which plead causes of action for fraud, conversion, negligence, breach of contract, unfair trade practices, and conspiracy under Pennsylvania law, obviously could not have arisen only within the context of a bankruptcy case given that they comprise a civil proceeding that originated in the Pennsylvania Common Pleas Court.

Second, said counts, with respect to Penn Mutual and the debtor's wife, cannot be deemed to have, in any way, invoked a substantive right provided by the Bankruptcy Code. With respect to the instant debtor, an argument might have been made, but ultimately was not advanced, by plaintiffs that said counts were transformed into a core proceeding by virtue of plaintiffs' removal of said counts to this Court subsequent to plaintiffs' filing of their proofs of claim against the instant debtor's estate. *See In re Argus Group 1700, Inc.*, 206 B.R. 737, 747–48 (Bankr. E.D.Pa.1996) ("Debtor's proposition that the filing of a proof of claim in bankruptcy transforms a prepetition state law claim which was filed in state court before the bankruptcy into a core proceeding is sound"); *Halper*, 164 F.3d at 837; *In re Best Reception Systems, Inc.*, 220 B.R. 932, 944–45 (Bankr.E.D.Tenn.1998). Unfortunately for plaintiffs, such an argument, even if it had been raised by plaintiffs, would have failed given that (a) such a "result only obtains where the proof of claim raises the same claims as the state law action," *see Argus Group*, 206 B.R. at 748, (b) plaintiffs' proofs of claim filed in the instant case, by indicating that said claims arose merely as a result of the lending of money by plaintiffs, failed to raise or even hint at issues of fraud, conversion, unfair trade practices, or conspiracy on the instant debtor's part, and (c) such proofs of claim were filed approximately one and one-half months subsequent to passage of the established claims bar date for the instant case, which means that said proofs of claim could not even

plausibly have commenced the claims allowance process.

■■■■ Third, the Court must reject outright plaintiffs' contention that the removed actions will constitute core matters if the Court subsequently consolidates said actions with Penn Mutual's pending nondischargeability adversary proceeding in this Court. As an initial matter, the Court notes that it is unaware of any mechanism by which it can consolidate adversary proceedings other than Fed.R.Civ.P. 42(a), which rule is made applicable to the instant adversary proceeding via Fed. R.Bankr.P. 7042. Unfortunately for plaintiffs, a consolidation under Fed.R.Civ.P. 42(a) of separate adversary proceedings, one of which is a noncore matter while the other is a core matter, cannot serve to merge the two proceedings for jurisdictional purposes so that the noncore proceeding is thereby rendered a core matter. *See In re Dak Manufacturing Corporation,* 73 B.R. 917, 922 (Bankr.D.N.J.1987). This conclusion necessarily follows, at least with respect to cases decided within the Third Circuit, from the fact that (a) a consolidation of actions cannot, in general, effect a merger of actions or change the rights of parties in separate suits, *see, e.g., Nanavati v. Burdette Tomlin Memorial Hospital,* 857 F.2d 96, 104 (3rd Cir.1988) (citing *Cole v. Schenley Industries, Inc.,* 563 F.2d 35, 38 (2nd Cir.1977), which case is often cited for the proposition that consolidation under Fed.R.Civ.P. 42(a) is merely "a procedural device designed to promote judicial economy"); *Francesco v. White Tiger Transportation Company, Inc.,* 679 F.Supp. 456, 458 (M.D.Pa.1988) (citing *Cole* ), (b) a consolidation of actions cannot, under any circumstances, alter the existence or nature of a court's jurisdiction over an action, *Brown v. Francis,* 75 F.3d 860, 866 (3rd Cir.1996) ("consolidation with a jurisdictionally proper case can[not] cure a case's jurisdictional infirmities"); *Thompson v. Brown & Williamson Tobacco Corp.,* 1998 WL 695992 at *2 (E.D.Pa. 1998) (citing *Francis* ); *Oikarinen v. Ale-*

*xian Brothers,* 342 F.2d 155, 155 (3rd Cir. 1965) (whether federal diversity jurisdiction is satisfied will not be impacted by consolidation of actions), and (c) "a proceeding's core or noncore nature ... defines ... the extent of ... [a b]ankruptcy [c]ourt's jurisdiction" over said proceeding. *Halper,* 164 F.3d at 836. That causes of action cannot be merged under Fed. R.Civ.P. 42(a) so as to alter their core or noncore nature is significant because, at least in the Third Circuit, when a court encounters multiple causes of action, each action must then be separately analyzed to determine which ones fall within a court's core jurisdiction, which ones can only be classified as noncore, and which ones fall completely outside of a court's subject matter jurisdiction. *See Id.* at 838–39 (adopting the "claim-by-claim approach" and citing, as illustrative of said approach, several cases set forth on pages 838–39 of the opinion). Therefore, consolidation under Fed.R.Civ.P. 42(a) cannot operate, in any way, to transform into core proceedings those proceedings that would otherwise fall (a) only within a court's noncore jurisdiction, or (b) completely outside of a court's subject matter jurisdiction. Applying the foregoing to the instant matter, any possible consolidation under Fed. R.Civ.P. 42(a) by this Court in the future of plaintiffs' and Penn Mutual's actions will not impact whether plaintiffs' removed actions fall within the Court's core jurisdiction. Therefore, plaintiffs' removed actions can only fall within this Court's core jurisdiction if said actions constitute core matters irrespective of Penn Mutual's nondischargeability cause of action.

Finally, the Court also will not merge plaintiffs' removed actions with Penn Mutual's nondischargeability cause of action on the basis, as alleged by plaintiffs, that Penn Mutual, by virtue of the declaratory relief which it seeks in Counts 1 and 2 of its nondischargeability complaint, has somehow pled some or all of plaintiffs' removed causes of action. While the Court can perhaps understand this particular contention by plaintiffs given the curi-

ous fashion in which Penn Mutual seeks to establish the nondischargeability of its claims against the debtor, the Court nevertheless realizes, as should plaintiffs, that Penn Mutual lacks standing to bring plaintiffs' removed claims. Consequently, Penn Mutual's cause of action for nondischargeability necessarily cannot constitute, and Penn Mutual could not have pled, the same actions which were removed by plaintiffs to this Court.

Since plaintiffs' removed claims cannot be merged, at least for jurisdictional purposes, with Penn Mutual's nondischargeability action in this Court, plaintiffs' removed claims will have to be analyzed separately to ascertain whether they fall within this Court's subject matter jurisdiction and, if so, whether they are core or noncore matters. For the reasons previously explained, the Court concludes that none of said removed claims constitute matters that fall within the Court's core jurisdiction.

**B. *Analysis of the Court's noncore jurisdiction.***

■ The Court will conclude that plaintiffs' Counts 1, 2, and 5, to the extent that they pertain to Penn Mutual, fall within the Court's noncore, "related to" jurisdiction given that the outcome of said counts against Penn Mutual could potentially form the basis for Penn Mutual's indemnification/contribution claim against the instant debtor, thereby impacting the debtor's bankruptcy estate. The Court can distinguish plaintiffs' action against Penn Mutual under Counts 1, 2, and 5 from the situation in *Pacor*, wherein the Third Circuit held that a bankruptcy court lacked "related to" jurisdiction over an action between nondebtor parties, *see Pacor*, 743 F.2d at 994–96, because, with respect to the *Pacor* nondebtor litigation, the Third Circuit concluded that the outcome of said litigation would not have issue preclusive effect upon the debtor therein in any subsequent indemnification action against said debtor. *See Id.* at 995. How-

ever, the outcome of the instant plaintiffs' Counts 1, 2, and 5 against Penn Mutual might conceivably have collateral estoppel effect upon the instant debtor in any subsequent indemnification action by Penn Mutual against said debtor (a) given that, unlike the pertinent debtor in *Pacor*, the instant debtor is a party to the instant plaintiffs' Counts 1, 2, and 5, and (b) if, and to the extent that, the debtor and Penn Mutual actually litigate as adversaries to each other any issues which are essential to a judgment that is rendered against Penn Mutual. *See* Restatement (Second) of Judgments § 38 (1980).

■ Unlike plaintiffs' Counts 1, 2, and 5, however, plaintiffs' Counts 3 and 4 fail to name the instant debtor as a defendant. As a result, the instant debtor is not a party to Counts 3 and 4 and will not have had the opportunity to actually litigate fully and fairly any issues that arise in said counts, which means that the outcome of said counts should not have collateral estoppel effect in any subsequent indemnification/contribution action by Penn Mutual against said debtor. Consequently, plaintiffs' Counts 3 and 4 are remarkably similar to the nondebtor litigation at issue in *Pacor*, which litigation, as alluded to earlier, was ultimately determined not to even constitute a proceeding over which noncore jurisdiction existed. For the same reasons as set forth in *Pacor*, plaintiffs' Counts 3 and 4 are determined by this Court to fall entirely outside of this Court's subject matter jurisdiction.

■ Finally, the Court must conclude that plaintiffs' Count 6, which only names the instant debtor and his wife as defendants, also falls outside of the Court's subject matter jurisdiction entirely because the Court cannot identify a conceivable effect that it could have upon the instant debtor's bankruptcy estate. Unlike plaintiffs' Counts 1, 2, and 5, Penn Mutual is not named as a defendant, thus eliminating any possibility that the outcome of said count could potentially result in a claim for indemnification/contribution against the

debtor. Furthermore, and as the Court has previously noted, plaintiffs tardily filed their proofs of claim. Therefore, the outcome of Count 6 could not conceivably result in the liquidation of any allowed claim for the purpose of either plan distribution or participation in the Chapter 11 voting process.[4]

Because the Court concludes that it lacks subject matter jurisdiction altogether with respect to Counts 3, 4, and 6 of plaintiffs' complaint, those particular counts were not properly removed to this Court under 28 U.S.C. § 1452 and, thus, said counts must be remanded in any event.

### III.

"Where grounds for mandatory or discretionary abstention are present under 28 U.S.C. § 1334(c), ... remand is [also] proper." *Argus Group*, 206 B.R. at 746; *see also In re Taylor*, 115 B.R. 498, 500 (E.D.Pa.1990) (same). Mandatory abstention under § 1334(c)(2)[5] is dictated if:

(1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*Taylor*, 115 B.R. at 500; *see also In re Bobroff*, 766 F.2d 797, 802 n. 3. (3rd Cir.

1985) (same); *Best Reception Systems*, 220 B.R. at 942 (same).

The Court concludes that mandatory abstention is called for with respect to plaintiffs' removed causes of action contained in Counts 1, 2, and 5 of plaintiffs' state court complaint because (a) Penn Mutual has timely moved for such mandatory abstention, (b) said removed causes of action unquestionably arise under Pennsylvania state law, (c) said removed causes of action constitute noncore matters, as explained in part II above, and, thus, are only related to the instant bankruptcy case, (d) said removed actions do not arise under title 11 given that they constitute noncore matters, (e) said removed actions could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334 since said actions do not raise a federal question and federal diversity jurisdiction could not be satisfied, and (f) said removed actions were already commenced in the Pennsylvania Common Pleas Court and could be more timely adjudicated there than in this Court. Mandatory abstention is technically not proper with respect to the actions contained in plaintiffs' Counts 3, 4 and 6 because, as explained in part II above, the Court does not even have subject matter jurisdiction over said actions under § 1334. However, the Court has already determined that none of the actions contained in plaintiffs' Counts 3, 4 and 6 constitute core matters, which means that if the Court possessed subject matter jurisdiction over said counts, then the Court would ultimately also be constrained to mandatorily abstain from hearing said actions.

---

**4.** For the same reasons given with respect to plaintiffs' Count 6, plaintiffs' Counts 1, 2, and 5, to the extent that they pertain to the instant debtor and his wife, also technically fall entirely outside of the Court's subject matter jurisdiction.

**5.** 28 U.S.C. § 1334(c)(2) provides, in full, as follows:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under

title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C.A. § 1334(c)(2) (West 1998).

Therefore, mandatory abstention under § 1334(c)(2) with respect to plaintiffs' removed causes of action also provides an independent basis dictating remand of said actions by this Court to the appropriate Pennsylvania Common Pleas Court.

## IV.

■■■ Remand of removed claims or causes of action is also dictated if (a) the Seventh Amendment right to a jury trial applies to said claims or causes of action, and (b) a party has timely and properly demanded a jury trial with respect to said claims or causes of action. *See. Davis v. The Merv Griffin Company*, 128 B.R. 78, 102 (D.N.J.1991); *Best Reception Systems*, 220 B.R. at 952 n. 31; *cf. In re Harrah's Entertainment, Inc.*, 1996 WL 684463 at *4 (E.D.La.1996) (denying referral of case to bankruptcy court on same grounds). The parties appear to agree, and this Court will thus accept as true, that (a) plaintiffs timely and properly made demand for a jury trial with respect to all of their removed causes of action prior to the removal of said actions from the Pennsylvania Common Pleas Court, and (b) said removed causes of action are legal in nature, thereby entitling plaintiffs to a jury trial with respect to each of said actions. Furthermore, plaintiffs' jury trial demand is automatically preserved in this Court upon the removal by plaintiffs of the actions to which the demand pertains. *See* Fed.R.Bankr.P. 9015(a), 11 U.S.C.A. (West 1999) (Fed.R.Civ.P.81(c) applies in bankruptcy cases and proceedings); Fed. R.Civ.P. 81(c), 28 U.S.C.A. (West 1992) ("A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal"). However, plaintiffs, by removing said causes of action to this Court, have implicitly, if not explicitly, attempted to withdraw their jury trial demand with respect to said actions given

that (a) this Court may only conduct a jury trial "with the express consent of all the parties" to said actions, 28 U.S.C.A. § 157(e) (West 1998), and (b) Penn Mutual does not consent to a jury trial in this Court regarding any of the actions to which it is named as a defendant. Unfortunately for plaintiffs, such an attempt at withdrawal of their jury trial demand cannot succeed because (a) "[a] demand for trial by jury . . . may not be withdrawn without the consent of the parties," Fed. R.Civ.P. 38(d), 28 U.S.C.A. (West 1998); Fed.R.Bankr.P. 9015(a), 11 U.S.C.A. (Fed. R.Civ.P. 38 is made applicable to bankruptcy matters),[6] and (b) Penn Mutual, in addition to not consenting to a jury trial by this Court, also withholds its consent to a withdrawal by plaintiffs of their jury trial demand. Plaintiffs respond to this dilemma by contending that Penn Mutual, by filing a proof of claim in the instant bankruptcy case, thereby subjected itself to this Court's equitable power or jurisdiction, which, in turn, results in an effective waiver by Penn Mutual of its right to a jury trial regarding plaintiffs' removed actions. Plaintiffs cite in support of their position, *inter alia, Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), and *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391. Extending plaintiffs' argument to its logical conclusion, plaintiffs appear to be arguing that Penn Mutual has thus consented to plaintiffs' withdrawal of plaintiffs' jury trial demand with respect to the removed actions. The Court finds substantial fault with, and thus must reject, this particular argument by plaintiffs.

■■■ As an initial matter, the Court agrees with plaintiffs that, if Penn Mutual has somehow relinquished any right that it has to a jury trial with respect to plaintiffs' removed causes of action, then Penn Mutual has also consented to plaintiffs'

---

**6.** Although it presently does not apply to plaintiffs' removed actions since they are presently pending before this Court, Pennsylvania's rules of civil procedure also preclude plaintiffs from withdrawing their jury trial demand "without the consent of all parties who have appeared in the action." Pa.R.C.P. 1007.1(c)(1), 42 Pa.C.S.A. (Purdon's 1987).

withdrawal of plaintiffs' jury trial demand regarding said actions. This conclusion follows from the fact that (a) plaintiffs' jury trial demand is effectively also that of Penn Mutual given that, "[i]f a timely and proper demand for a jury is made by one party, all of the parties to the action who are interested in the issues for which jury trial has been demanded may rely on that demand and need not make an additional demand of their own," 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2318 (2d ed.1995); *see also DePinto v. Provident Security Life Insurance Co.*, 323 F.2d 826, 832 (9th Cir.1963); *Reid Brothers Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1304 (9th Cir.1983), and (b) the rule in Fed. R.Civ.P. 38(d) "that ... [a jury trial demand] cannot be withdrawn without the consent of all parties[ ] ... is ... [present] to protect the reliance that other parties[, such as Penn Mutual in the instant matter,] may be placing on th[at] demand." 9 Wright & Miller, *supra* p. 23; *see also DePinto*, 323 F.2d at 832; *Reid Brothers*, 699 F.2d at 1304. Therefore, if Penn Mutual has somehow relinquished its jury trial right regarding the removed actions, then it is also necessarily displaced of any right to (a) rely on a jury demand made by another party, or (b) object to said party's withdrawal of said demand. Unfortunately for plaintiffs, the Court cannot conclude that Penn Mutual has relinquished its jury trial right regarding the removed actions simply because it also filed a proof of claim in the instant bankruptcy case.

While plaintiffs are correct in asserting that Penn Mutual has brought itself within the equitable jurisdiction of this Court by filing its proof of claim against the instant debtor's bankruptcy estate, *see, e.g., Langenkamp*, 498 U.S. at 44–45, 111 S.Ct. at 331, plaintiffs fail to even superficially address whether the resolution of their removed causes of action, to the extent that said actions proceed against Penn Mutual, will constitute a part of, or necessarily trigger, the bankruptcy process of disallowance and allowance of claims. The

Court must resolve this particular issue, and if said issue is resolved in the negative, then Penn Mutual has not relinquished any right that it has to a jury trial with respect to plaintiffs' removed actions. *See Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1251–52 n. 14 (3rd Cir.1994) (citing *Katchen* for the proposition that "[a] court[, in addition to ascertaining whether a debtor has voluntarily submitted itself to the bankruptcy court's equitable jurisdiction,] must also ask whether the resolution of the particular dispute at issue is necessarily part of the process of the disallowance and allowance of claims"). Resolving the issue raised by the Court, the Court concludes that plaintiffs' removed claims against Penn Mutual will neither constitute a part of, nor trigger, the process of allowance or disallowance of claims against the instant debtor's bankruptcy estate. While Penn Mutual's claim over against the debtor will trigger the claims allowance process, and thus Penn Mutual is not entitled to a jury trial with respect to the liquidation of that claim, such is simply not the case with respect to any dispute between Penn Mutual and plaintiffs, both of whom are concededly nondebtor parties. *See Merv Griffin Company*, 128 B.R. at 102 (differentiating between the allowance of claims against a bankruptcy estate, proceedings for which a jury trial right does not exist, and claims against nondebtors, proceedings for which a jury trial right is not relinquished by the filing of a proof of claim); *Harrah's Entertainment*, 1996 WL 684463 at *3 ("While ... [*Langenkamp*] might stand for the proposition that plaintiffs have waived their jury trial right against ... [a related debtor] by submitting a proof of claim in the ... [related debtor's] bankruptcy proceedings, ... [*Langenkamp*] do[es] not stand for the broader proposition that plaintiffs have waived their jury right in a non-core proceeding involving federal securities laws against non-debtor defendants simply by filing a proof of claim against a debtor in a related bankruptcy case"). Therefore, Penn Mutual, by filing a proof of claim in

the instant bankruptcy case, has neither relinquished its jury trial right regarding the removed actions nor thereby consented to plaintiffs' withdrawal of plaintiffs' jury trial demand with respect to said actions.[7]

Because Penn Mutual does not consent to plaintiffs' implicit withdrawal of plaintiffs' jury trial demand with respect to the removed actions, and since Penn Mutual also does not consent to a jury trial by this Court over said actions, a remand by this Court of said actions to the Common Pleas Court from which they were removed is appropriate.

### V.

The Court recognizes the overlap between, and shares plaintiffs' concerns regarding judicial economy with respect to the resolution of, plaintiffs' state court causes of action, the causes of action in another civil proceeding pending before the United States District Court for the Western District of Pennsylvania (i.e., Andrew Reh and Rita Reh, his wife, and Andrea Reh v. Penn Mutual Life Insurance Company, John M. Mouganis, Richard Snebold, The Mouganis/Snebold Agency, Christopher Passodelis and C.P. Financial Services, Inc., and C.P. Real Estate), and Penn Mutual's nondischargeability adversary proceeding pending before this Court. Unfortunately for plaintiffs, said concerns regarding judicial economy simply do not constitute sufficient cause for this Court to retain plaintiffs' removed actions, particularly in light of the overwhelming merit that must be attributed to Penn Mutual's motions for remand and mandatory abstention. Consequently, the Court determines that it need not address in detail plaintiffs' arguments regarding judicial economy or judicial estoppel as against Penn Mutual on the issue of judicial economy. However, because plaintiffs herein are also named as defendants in Penn Mutual's nondischargeability adversary proceeding pend-

ing before this Court, plaintiffs possess standing to petition this Court for, after which the Court will attempt to fashion, appropriate procedural relief within Penn Mutual's proceeding so that judicial economy may be furthered. The procedural relief that the Court has in mind is something in the nature of a deferral of the resolution of Penn Mutual's nondischargeability complaint pending the outcome of the state court actions by both plaintiffs and the Rehs as against Penn Mutual. If plaintiffs and/or Penn Mutual are interested in formulating such relief within the context of Penn Mutual's adversary proceeding, then either or both should contact the Court so that an appropriate status conference may be scheduled.

### VI.

**IN SUMMARY**, Penn Mutual's motion for remand or, alternatively, mandatory abstention, is **GRANTED** and plaintiffs' removed state court causes of action shall all be **REMANDED** forthwith to the Pennsylvania Common Pleas Court from which they were removed.

---

7. For the same reason that Penn Mutual has not relinquished its jury trial right regarding the removed actions, it also has not consented to the entry of a final order or judgment by

this Court regarding said actions, which actions this Court, as set forth in part II above, has determined to be noncore matters.